CHRISTIAN ET AL. *v.* NEW YORK STATE DEPART-
MENT OF LABOR, DIVISION OF EMPLOY-
MENT, ET AL.

No. 72–5704.   Argued November 13, 1973—Decided January 21, 1974

BRENNAN, J., delivered the opinion for a unanimous Court.

*E. Richard Larson* argued the cause for appellants. With him on the briefs were *Dennis R. Yeager* and *Robert P. Roberts.*

*Mark L. Evans* argued the cause for appellees. On the brief for the federal appellees were *Solicitor General Bork, Acting Assistant Attorney General Jaffe, Keith A. Jones,* and *Kathryn H. Baldwin. Louis J. Lefkowitz,* Attorney General of New York, *Samuel A. Hirshowitz,* First Assistant Attorney General, and *Brenda Soloff,* Assistant Attorney General, filed a brief for appellees New York State Department of Labor et al.*

MR. JUSTICE BRENNAN delivered the opinion of the Court.

Appellants, discharged federal probationary employees, were denied unemployment compensation by the New York State Department of Labor, an "agent of the United States" under agreement with the Secretary of Labor for the administration of the Unemployment Compensation for Federal Employees (UCFE) Program, 5 U. S. C. § 8501 *et seq.* Appellants brought this class suit against that state agency in the District Court for the Southern District of New York, joining as defendants the United States Department of Labor, which is charged with overall responsibility for the program, and the United States Post Office Department and Department of the Treasury, which are appellants' former employing agencies.

Appellants alleged that the state agency had based its adverse determinations on findings of fact made *ex parte* by the federal employing agencies, and that the state agency had refused to afford either appellant a hear-

*Mozart G. Ratner, George B. Driesen, Leo M. Pellerzi,* and *George Kaufmann* filed a brief for the National Association of Letter Carriers AFL–CIO et al. as *amici curiae* urging reversal.

ing at which he or she could attempt to contest those federal findings. The result, appellants claimed, was a deprivation of any opportunity to be heard, in violation of the UCFE statutes and of the Fifth and Fourteenth Amendments. They sought certification as representatives of the class of persons similarly situated, the convening of a three-judge court, and declaratory, injunctive, and mandamus relief.

The District Court viewed the suit as a constitutional attack on 5 U. S. C. § 8506 (a),[1] which, *inter alia,* makes the findings of the federal employing agency "final and conclusive" on the state agency, and on the regulations of the Secretary of Labor promulgated, pursuant to 5 U. S. C. § 8508, to enforce the program.[2] A three-judge

---

[1] That subsection provides:

"(a) Each agency of the United States and each wholly or partially owned instrumentality of the United States shall make available to State agencies which have agreements under this subchapter, or to the Secretary of Labor, as the case may be, such information concerning the Federal service and Federal wages of a Federal employee as the Secretary considers practicable and necessary for the determination of the entitlement of the Federal employee to compensation under this subchapter. The information shall include the findings of the employing agency concerning—

"(1) whether or not the Federal employee has performed Federal service;

"(2) the periods of Federal service;

"(3) the amount of Federal wages; and

"(4) the reasons for termination of Federal service.

"The employing agency shall make the findings in the form and manner prescribed by regulations of the Secretary. The regulations shall include provision for correction by the employing agency of errors and omissions. Findings made in accordance with the regulations are final and conclusive for the purpose of sections 8502 (d) and 8503 (c) of this title. This subsection does not apply with respect to Federal service and Federal wages covered by subchapter II of this chapter."

[2] The pertinent sections of 20 CFR appear in the Appendix to this opinion.

court was convened. That court, in an opinion reported at 347 F. Supp. 1158 (1972), first examined the statutory claim and held that § 8506 (a) does not require that appellants receive either a state or a federal hearing to contest the employing agency's findings. Next, the court noted that jurisdiction over the claims against the federal defendants had been alleged only under 28 U. S. C. § 1361, providing for mandamus actions. Holding that § 1361 will not support a constitutional challenge to a statute, the court dismissed the constitutional claims against the federal defendants for lack of subject-matter jurisdiction.[3] Finally, turning to the constitutional claims against the state defendants, the court, apparently assuming for purposes of argument that the federal defendants were not constitutionally required to afford appellants a hearing, treated the claims as asserting that

---

[3] The District Court stated no reasons to support this holding. Appellants attack it, arguing that mandamus jurisdiction lies where the act of a federal official, although authorized by statute, is alleged to violate the Constitution, citing *Garfield* v. *United States ex rel. Goldsby*, 211 U. S. 249 (1908). Alternatively, they contend that jurisdiction over the federal defendants lies under 28 U. S. C. § 1343 (3) so long as there has been joint participation by state and federal officers under color of state law, see *Adickes* v. *S. H. Kress & Co.*, 398 U. S. 144 (1970). At oral argument the Assistant to the Solicitor General stated: "[W]e do not contest jurisdiction under [the] mandamus statute." Tr. of Oral Arg. 26. See also Brief for Federal Appellees 6 n. 2.

We have no occasion to address appellants' contentions that the District Court has jurisdiction to hear the constitutional claims against the federal defendants. There is jurisdiction of the federal defendants in any event for purposes of consideration of the appellants' statutory claim that the Secretary has disobeyed a nondiscretionary command in § 8506 that he provide for a full hearing. See *infra*, at 621–622. Our remand directs that the District Court reconsider that claim as related to the availability under the Secretary's regulations of a right of reconsideration and correction of the findings of the employing agencies.

denial of a state hearing was, in effect, a denial of any hearing on the federal findings. The court held that the denial of a hearing by the state agency did not violate either the Due Process or the Equal Protection Clause.

We noted probable jurisdiction of appellants' appeal, 411 U. S. 930 (1973). We are of the view that decision upon appellants' statutory and constitutional claims would be premature. We cannot discover in the record that the state agency, in notifying appellants of the adverse determinations, informed them, as required by 20 CFR § 609.20, of their "right to additional information or reconsideration and correction" of the findings by the employing agencies. Nor can we discover from the record whether or not appellants invoked 20 CFR § 609.23, entitling them to request their employing agencies "to reconsider and correct" those findings.

The "findings" of appellant Christian's federal employer, the United States Post Office Department, were that Christian was discharged because of excessive absences. The "findings" of appellant Green's employer, the Department of the Treasury, were that Green was discharged for consuming an alcoholic beverage within 24 hours of going on duty as a sky marshal. It is clear that neither was afforded a prior hearing by his or her agency or any opportunity to challenge the justifications for discharge.[4] Each then applied for unemployment compensation through the New York State Department of Labor. As required by § 8506, New York requested and obtained

---

[4] Appellant Green unsuccessfully sought review of the factual basis for his discharge by the Civil Service Commission under 5 CFR § 315.806. But, as provided by that regulation, a probationary federal employee has no right to appeal a discharge, and is only entitled to a hearing on the basis of claims that the discharge resulted from discrimination based on race, color, religion, sex, political persuasion, marital status, or physical handicap, or that the procedure used violated 5 CFR § 315.805.

from each agency its "findings" describing the nature of the employment, including the reasons for the discharge. On the basis of those findings, the state officials made an initial determination that neither appellant qualified for compensation under the applicable state standards.[5]

We find nothing whatever in the record to show compliance by the state agency with 20 CFR § 609.20. All that appears is that the New York officials sent each appellant a letter that included (a) a recitation that no employment benefits could be paid, (b) the state rule that required that conclusion, (c) a short summary of the findings of the federal agency, and (d) a statement that the individual could request a hearing before an impartial state referee. Indeed, the letter appears to be a form letter appropriate in cases of private and state employee applicants, but not tailored for the situation of the federal employee applicant given rights of reconsideration and correction by the Secretary's regulations.

Appellant Christian requested and obtained a hearing

---

[5] Section 8502, 5 U. S. C., provides in part:

"(b) The agreement shall provide that compensation will be paid by the State to a Federal employee in the same amount, on the same terms, and subject to the same conditions as the compensation which would be payable to him under the unemployment compensation law of the State if his Federal service and Federal wages assigned under section 8504 of this title to the State had been included as employment and wages under that State law.

. . . . .

"(d) A determination by a State agency with respect to entitlement to compensation under an agreement is subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law, and only in that manner and to that extent."

See 20 CFR § 609.14; N. Y. Labor Law § 500 et seq. (1965). Both appellants were denied compensation on the basis of § 593, which includes as grounds for denial "voluntary separation without good cause" and "misconduct in connection with his employment."

before a state referee. The referee permitted her to introduce evidence to rebut the federal findings, credited that evidence, and recommended that she be provided unemployment compensation. The state Appeals Board, however, reversed on the ground that § 8506 prohibited re-examination of the facts found by the federal agency. Appellant Green had not obtained a hearing at the time this suit was filed, and the record does not disclose whether he requested one.[6]

The UCFE Program does not, as the state Appeals Board recognized, contemplate a hearing before the state agency for correction of factual findings of the federal employer. But, while prohibiting state re-examination of the facts, § 8506 (a) also requires an opportunity for federal re-examination:

"The regulations [promulgated by the Secretary of Labor] shall include provision for correction by the employing agency of errors and omissions. Findings made in accordance with the regulations are final and conclusive for the purpose of [state adjudication]."

The regulations promulgated by the Secretary of Labor plainly attach great significance to the right of the discharged employee to have the employing agency reconsider its stated reasons for his discharge. The crucial requirement that triggers this reconsideration is the obligation imposed upon the state agency to notify the applicant of the content of the federal findings, which notice "shall [also] inform the Federal civilian employee of his right to additional information or reconsideration and correction of such findings." 20 CFR § 609.20. Thereupon, the employee may obtain additional infor-

[6] Both appellants were entitled to a hearing, N. Y. Labor Law § 620, review by the Appeals Board, id., § 621, and state judicial review on questions of law, id., § 624.

mation from the employing agency concerning the basis of its findings, § 609.22. Whether or not he avails himself of that opportunity, he may file a request for reconsideration and correction, "together with such information as supports his request, through the State agency before which the claim is pending . . . ." § 609.23. Upon receipt of such a request, the federal agency must consider any information submitted by the employee, promptly correct any errors or omissions, and either affirm, modify, or reverse its original findings in writing. § 609.9. Finally, the State is required to stay its adjudicatory process pending federal reconsideration, although it is conclusively bound by any factual findings of the federal agency, §§ 609.23 (a), 609.18 (c), when it applies its own law to redetermine eligibility. §§ 609.24 (c), (d).

Appellants' contention that § 8506 (a) works a denial of due process and equal protection by depriving them of a hearing before the state agency is thus misdirected. Congress has precluded a hearing on the federal findings in any state forum, but it has required the Secretary of Labor to provide a "hearing" of some dimensions in conjunction with the mandated procedures for reconsideration. Whether a more comprehensive hearing than §§ 609.22–609.24 of the regulations now provide is required either by the language of § 8506 (a) or by the Constitution—and we intimate no views on those questions—the regulations of the Department of Labor, as implemented by the federal agencies subject to those regulations, should be the focal point of the inquiry.[7]

---

[7] We note that an employee who resigns must, pursuant to 20 CFR § 609.18, be "afforded an opportunity for a fair hearing on any issue involved in the alleged reasons for resignation," if the federal findings are to be final and conclusive. The Solicitor General argues that there are sound reasons for limiting such opportunities to resignees since the agency "will have no information

The absence of any indication in the record that this federal administrative procedure was followed is, in our view, a bar to our consideration of appellants' attack upon the validity of the regulations. It is true that the fact that the employing agency's decision is not statutorily subject to judicial review does not preclude review of the agency's procedure used to reach that determination. See *Cole* v. *Young,* 351 U. S. 536 (1956); L. Jaffe, Judicial Control of Administrative Action 371–372 (1965). But there are sound practical reasons for declining such review where the agency has not had the opportunity to apply its challenged procedure to a determination that is clearly within its subject-matter jurisdiction.

The most obvious reasons relate to economy. A favorable agency decision on the merits of the claim may moot the objections to the procedure employed. And "it is generally more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages," *McKart* v. *United States,* 395 U. S. 185, 194 (1969).

But there are also persuasive reasons more directly related to the presentation of the procedural claim, as we have noted in cases involving the analogous requirement that administrative remedies be exhausted prior to application for judicial review of the merits. See *McGee* v. *United States,* 402 U. S. 479 (1971); *Rosado* v. *Wyman,* 397 U. S. 397, 406–407 (1970). Appellants' criticism, on this appeal, of the federal administrative remedy as an *"ex parte"* determination amply demonstrates the point. The regulations clearly require that the agency

concerning [their] reasons." Brief for Federal Appellees 28. At this stage of the litigation, however, we have no way of knowing what protections this procedure includes, how it differs from the procedures available to discharged employees, or what kinds of "resignations" it will cover.

receive and consider any additional information the employee submits. Thus, the question is not whether there is to be some form of adversary proceeding, but whether that proceeding must be as elaborate as appellants contend.[8] That determination would be hazardous on the scant record before us. The regulations appear capable of accommodating various kinds of issues, and their requirements should be construed with an eye to the nature of the agencies involved and the employment relationship. We cannot know at this stage what particular procedures will be applied, whether credibility determinations will arise, how they will be treated if they do, or even what official within a federal employing agency will be responsible for the reconsideration. Removal of these uncertainties from the case may significantly advance judicial resolution of appellants' claims, while occasioning no great cost to them.[9]

But we cannot determine on this record whether the District Court would have dismissed this suit for failure to invoke the federal administrative procedures. The adverse notification provided by New York clearly fails to satisfy the notice requirement of 20 CFR § 609.20 of the Secretary's regulations. Without that crucial information concerning their rights, appellants could hardly be found to have waived them by proceeding in the state forum.[10] Yet the record is silent concerning whether

---

[8] "[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Cafeteria & Restaurant Workers* v. *McElroy*, 367 U. S. 886, 895 (1961).

See *Morrissey* v. *Brewer*, 408 U. S. 471 (1972); *Bell* v. *Burson*, 402 U. S. 535 (1971).

[9] Cf. *McKart* v. *United States*, 395 U. S. 185, 196–197 (1969).

[10] At oral argument the Assistant to the Solicitor General suggested that appellants might now be barred from obtaining reconsideration

such information was provided, either with the state notice or otherwise. Under the circumstances, we vacate the District Court's dismissal of the suit as to both federal and state defendants and remand to the District Court with directions to determine whether appellants should be permitted to invoke the federal procedures. In such case, the suit should be retained on the docket for final decision following the federal redetermination proceedings.

*So ordered.*

## APPENDIX TO OPINION OF THE COURT

Code of Federal Regulations
Title 20: Employees' Benefits
Part 609—Unemployment Compensation for Federal Civilian Employees

§ 609.1   Definitions.

.          .          .          .          .

(b) "Federal agency" means any department, agency, or governmental body of the United States, including

---

and correction of the findings by the passage of time. We find no such limitation in the regulations. Indeed, the only time limitation imposed with regard to corrections is to be found in 20 CFR § 609.7, which requires the federal employing agency to "promptly correct its error" if it ascertains within one year of its initial submission of findings to the State that "any of its Federal findings were erroneous." That this is an independent obligation, imposed on the agency without regard to the receipt of a request for reconsideration by the employee, is clear both from the language of the regulation and from the fact that all other time limits imposed by the regulations are designed to protect the employee from delay by the agency. See, *e. g.,* 20 CFR §§ 609.6, 609.19 (b). Compare *id.,* § 609.24 (a), with *id.,* § 609.24 (d). Moreover, a construction of the regulation as barring reconsideration and correction despite the State's failure to provide the notice required by the regulations might raise independent constitutional problems.

any instrumentality wholly or partially owned by the United States, employing individuals in Federal civilian service.

. . . . .

(f) "Federal findings" means the facts found by a Federal agency as to (1) whether an individual has performed Federal civilian service for such agency during the base period specified on a Form ES–931; (2) the period or periods of such Federal civilian service; (3) the individual's Federal civilian wages for the base period specified on such form; and (4) the reasons for termination of his Federal civilian service.

. . . . .

§ 609.6   Federal findings on Form ES–931.

(a) Within 4 work days after receipt from a State agency or the Secretary of a Form ES–931 a Federal agency shall make its Federal findings, complete all copies of the form, and transmit its Federal findings to the State agency or the Secretary, as appropriate, on such form or as a part thereof.   If documents necessary for completion of a Form ES–931 have been assigned to an agency records center or the Federal Records Center in St. Louis the Federal agency shall obtain the necessary information from the records center. Any records center shall give priority to such request.

(b) If a completed Form ES–931 cannot be returned within 4 work days of receipt the Federal agency immediately shall inform the State agency or the Secretary, as appropriate, and shall include an estimated date by which the completed form will be returned.

(c) Each Federal agency shall maintain a control of the Forms ES–931 received by it that will enable it to ascertain at any time the number of such forms that have not been returned to the requesting State agency

or the Secretary and the date of the Federal agency's receipt of such unreturned forms.

§ 609.7   Corrected Federal findings.

If a Federal agency ascertains at any time within 1 year after it has returned a completed Form ES–981 [*sic*] to a State agency or the Secretary that any of its Federal findings were erroneous it shall promptly correct its error and forward corrected Federal findings to the State agency or the Secretary, as appropriate.

§ 609.8   Answering requests for additional information.

On receipt of a request for additional information under § 609.22 a Federal agency except where it would be inconsistent with general policies followed in the case of separations for security reasons shall furnish in writing to the requesting authority such additional information as (1) will enable a Federal civilian employee to understand the basis for Federal findings or (2) will enable the requesting authority to correctly apply a State unemployment compensation law.

§ 609.9   Answering requests for correction of Federal findings.

On receipt of a request for reconsideration and correction of Federal findings under § 609.23 a Federal agency shall consider the information supplied in connection with such request and shall review its Federal findings.   The Federal agency promptly shall correct any errors or omissions in its Federal findings and shall affirm, modify, or reverse any or all of its Federal findings in writing.   The Federal agency then shall forward its reconsidered Federal findings to the requesting authority.

.           .           .           .           .

§ 609.18   Finality of Federal findings.

(a) Federal findings under § 609.6 or § 609.7 shall be final and conclusive except that Federal findings which contradict the reasons given by a Federal civilian employee for his resignation or which relate to the validity of such reasons shall not be final and conclusive unless such employee has been afforded an opportunity for a fair hearing on any issue involved in the alleged reasons for resignation.   Such opportunity for hearing may be afforded by the Federal agency or the U. S. Civil Service Commission at any appropriate stage with respect to any personnel action, or upon request for reconsideration under § 609.23.

(b) Additional information submitted by a Federal agency under § 609.8 shall be considered part of the original Federal findings which, as so supplemented, shall be final and conclusive, as provided in paragraph (a) of this section.

(c) Federal findings which after reconsideration under § 609.9 have been affirmed, modified, or reversed by the Federal agency shall be final and conclusive, as provided in paragraph (a) of this section.

§ 609.19   Determination of entitlement.

(a) *Entitlement.*   The State agency of a State whose unemployment compensation law applies to a Federal civilian employee under § 609.15 promptly shall determine such employee's entitlement to compensation and pay such compensation in the same amounts, on the same terms, and subject to the same conditions as would apply to such employee if his Federal civilian service and wages had been included as employment and wages under the State unemployment compensation law except that § 609.31 shall apply to the Virgin Islands agency in lieu of this paragraph.

628

(b) *Determination in absence of Form ES–931.* (1) If a Form ES–931 has not been received from a Federal agency by the 12th day after such form was forwarded to such agency, a State agency shall determine entitlement to compensation on the basis of a Federal civilian employee's statement under oath if in addition to furnishing such statement such employee submits for examination any document issued by a Federal agency (as for example Standard Form 50 or W–2) showing that he performed service for such agency.

(2) If a Form ES–931 received from a Federal agency after such determination contains Federal findings which would result in a change in the Federal civilian employee's entitlement to compensation the State agency promptly shall make a redetermination and give such employee notice thereof. All payments of compensation made after such redetermination shall be in accordance therewith and all payments of compensation made prior to such determination shall be adjusted in accordance therewith. If the Federal civilian employee has received compensation not in accordance with the redetermination § 609.21 shall apply.

§ 609.20   Notice of determination.

A notice of determination or redetermination shall be given to a Federal civilian employee with respect to any determination or redetermination under § 609.19 or § 609.31. Such notice shall be given in the same manner as notice of determination or redetermination is given to claimants under the State unemployment compensation law. The notice shall include the Federal findings and shall inform the Federal civilian employee of his right to additional information or reconsideration and correction of such findings. The State agency shall set forth the Federal findings in

sufficient detail to enable the Federal civilian employee to determine whether he wishes to request reconsideration or correction of any such findings.

.        .        .        .        .

§ 609.22   Procedure for obtaining additional information.

(a) *Request by Federal civilian employee.* If a Federal civilian employee needs additional information in order to understand the basis for a Federal finding in connection with a claim for compensation under the UCFE program he may file a request through the State agency, or the Secretary if the State agency does not determine claims under the UCFE program, for more specific information from the Federal agency which made such Federal finding. Such request shall be mailed by the State agency or the Secretary to the appropriate Federal agency. If notice of a determination of entitlement has been given to the Federal civilian employee before a request for additional information is filed, such employee must file concurrently with such request a timely appeal or request for redetermination under the State unemployment compensation law. No hearing on such appeal shall be scheduled before the State agency receives from the Federal agency the additional information requested.

(b) *Request by State agency.* If at any stage of determining a Federal civilian employee's entitlement to compensation a State agency, State administrative appeal authority (including the referee in the Virgin Islands), or the Secretary determines that Federal findings do not contain sufficient information to enable correct application of the State unemployment compensation law a request may be made for additional facts from the appropriate Federal agency.

§ 609.23   Procedure for obtaining correction of Federal findings.

(a) *Request by Federal civilian employee.* A Federal civilian employee who wishes a Federal agency to reconsider and correct Federal findings in connection with a claim for compensation under the UCFE program may file a request for such reconsideration and correction, together with such information as supports his request, through the State agency before which the claim is pending or through the Secretary if the State agency does not determine claims under the UCFE program. Such request shall be mailed by the State agency or the Secretary to the appropriate Federal agency. If notice of a determination of entitlement has been given to the Federal civilian employee before a request for reconsideration and correction of Federal findings is filed, such employee must file concurrently with such request a timely appeal under the State unemployment compensation law. No hearing on such appeal shall be scheduled before the State agency receives from the Federal agency its reconsidered Federal findings.

(b) *Request by State agency.* A State agency, State administrative appeal authority (including the referee in the Virgin Islands), or the Secretary may request a Federal agency to reconsider and correct its Federal findings at any stage in determining a Federal civilian employee's entitlement to compensation.

§ 609.24   Procedure after correction of Federal findings.

(a) A State agency shall forward to the affected Federal civilian employee a copy of reconsidered Federal findings or additional information furnished by a Federal agency.

(b) If additional information or reconsidered Federal findings provide a basis under the State un-

employment compensation law for the State agency to redetermine such employee's entitlement to compensation the State agency promptly shall make a redetermination and give notice thereof to the affected Federal civilian employee.

(c) If a State agency after reviewing additional information or reconsidered Federal findings submitted by a Federal agency does not consider that there is a basis for making a redetermination the State agency promptly shall set a date for hearing the Federal civilian employee's appeal.

(d) If Federal findings are corrected under § 609.7 a State agency shall notify the affected Federal civilian employee of such correction. If the State unemployment compensation law permits and the corrected Federal findings afford a basis for such action the State agency shall redetermine such employee's entitlement to compensation and give notice of redetermination to such employee.

§ 609.25    Appeal by Federal civilian employee.

(a) A determination or redetermination by a State agency as to a Federal civilian employee's entitlement to compensation is subject to review, except for Federal findings which are final and conclusive under § 609.18, in the same manner and to the same extent as other determinations of entitlement under the State unemployment compensation law.