## 48881. MANCUSI-UNGARO v. CALDWELL et al.

Evans, Judge.

Mancusi-Ungaro was a Federal employee of the General Services Administration. Due to illness it was suggested by his employing unit that he take a physical examination to determine if he was physically fit, and thereafter it was suggested that he take a leave of absence without pay or retire because of physical disability. He elected to retire because of physical disability.

Mancusi-Ungaro then filed a claim for unemployment compensation through the Georgia State Employment Security Agency, contending his retirement was not voluntary but was brought about by force and coercion.

After a hearing, the appeals referee held that claimant was not eligible because the evidence shows "claimant voluntarily retired and further held that Title XV, Social Security Act, as amended, provides that the findings of fact regarding separation of federal employees . . . are binding upon the State Agency," and that the federal agency had found that claimant retired because of physical disability. The review board then considered the findings and affirmed the referee, contending the federal employing agency's findings are final and conclusive.

The claimant filed his petition for review in the Superior Court of Fulton County, Georgia. The Employment Security Agency of the Department of Labor, answered, and attached a copy of the entire proceeding relating to this claim.

After argument, claimant's petition was denied and dismissed. Claimant appeals. *Held:*

The sole contention of the claimant here is that he was entitled to a hearing as to whether or not he was coerced into accepting retirement, thus making his separation from employment involuntary. We find no Georgia authorities on the question, but under Christian

v. New York Labor Department, 414 U.S. — (94 SC 747, 39 LE2d 38), the findings of the federal employing agency are final and conclusive on the state agency, and that which applicant seeks cannot be granted by the state agency. Here the federal employing agency has repeatedly held his separation to be to take voluntary retirement. "Congress has precluded a hearing on the federal findings in any state forum." See Christian, supra.

But the record does not disclose that the state agency notified claimant of his right to additional information or reconsideration and correction of the finding by the employing agency, and that an opportunity for further hearing may be afforded by the federal agency or the U. S. Civil Service Commission. Christian, supra; § 609.18 (a), CFR, Title 20, Part 609. Direction is here given that the state agency so notify the claimant.

*Judgment affirmed with direction. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 11, 1974 — DECIDED FEBRUARY 20, 1974.

*Morris Brown,* for appellant.

*Arthur K. Bolton, Attorney General, Don A. Langham, Assistant Attorney General, William D. Mallard, Jr., Morton Hollander, Michael H. Stein,* for appellees.