King THOMAS et al., Plaintiffs,

v.

Caspar WEINBERGER, as Secretary of Health, Education and Welfare, and the United States Department of Health, Education and Welfare, Defendants.

No. 73 Civ. 4949 (MP).

United States District Court,
S. D. New York.

Nov. 14, 1974.

The Legal Aid Society of Westchester County, New Rochelle, N. Y., for plaintiffs, by Martin A. Schwartz, White Plains, Catherine E. Cronin, and Robert J. Anderson, New Rochelle, of counsel.

Paul J. Curran, U. S. Atty., S. D. N. Y., by V. Pamela Davis, Asst. U. S. Atty.

The Legal Aid Society, New York City, for applicants for intervention, by Morton B. Dicker, and Eric Rundbaken, New York City, of counsel.

## OPINION

POLLACK, District Judge.

Four motions are presently pending in this case: defendants' Rule 12(b) motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, plaintiffs' cross-motion for summary judgment under Rule 56, plaintiffs' Rule 23 motion for class action determination, and a Rule 24 motion for intervention.

The plaintiffs allege that they have qualified for Social Security Act benefit payments and that they have been denied due process of law by the conduct of the Social Security Administration ("SSA") with respect to their claims. SSA deducted from payments ordinarily due them certain sums to recoup alleged excess payments made by SSA at former times on the ground of erroneous overpayments. The plaintiffs contend that due process in respect to these recoupments is lacking because they did not receive a prior evidentiary hearing on the question whether the former payments which they received were in excess of amounts due and because no consideration was given by SSA, as required by the statute, to whether recoupment should be waived.[1] Plaintiffs seek injunctive and declaratory relief requiring such a hearing, as well as the restoration to them of any benefits actually recouped to offset alleged overpayments.

■ This Court has jurisdiction over the subject matter of this suit under the mandamus statute, 28 U.S.C. § 1361.[2] If the SSA is under a clear constitutional duty in light of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (evidentiary hearing required by due process prior to termination of welfare benefits) to provide an evidentiary hearing prior to the recoupment of overpayments, then that duty may be enforced by mandamus. *See* Lyons v. Weinberger, 376 F.Supp. 248 (S.D.N.Y. 1974); Frost v. Weinberger, 375 F. Supp. 1312 (E.D.N.Y.1974); *cf.* Harlem Valley Transportation Association v. Stafford, 500 F.2d 328 (2d Cir. 1974) (statutory duty under NEPA). The motion to dismiss for lack of subject matter jurisdiction is accordingly denied.

■■ After this suit was commenced, SSA procedures were revised, effective on January 1, 1974, which results in a stay of recoupment upon the filing of a request for administrative reconsideration of an overpayment determination where the SSA determination has been based upon an earnings report submitted by the recipient himself. In the cases before this Court reconsideration of the claimed overpayments and the applicability of the waiver provisions of 42 U.S.C. § 404(b) and 20 C.F.R. 404.506 et seq. is currently pending before the SSA.[3]

Thus there is a question whether judicial consideration at this time of the constitutional adequacy of the administrative reconsideration hearing procedures, 20 C.F.R. § 404.909 et seq., would be premature. In light of the adoption of the revised regulations, the question in this case, as in Christian v. New York Department of Labor, 414 U.S.

---

1. See 42 U.S.C. § 404 and 20 C.F.R. § 404.-501 et seq.

2. Plaintiffs also assert jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. The Second Circuit has expressly declined to determine whether the APA constitutes a jurisdictional base independent of the jurisdictional amount. Aguayo v. Richardson, 473 F.2d 1090, 1101–1102 (2d Cir. 1973), cert. denied, 414 U.S.

1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). Thus, this Court does not decide the question despite the recent District Court decisions in *Frost* and *Lyons* that the APA does provide such a grant.

3. Reconsideration of these determinations was begun in late 1973 and has been pending for what, superficially at least, seems an inordinate time.

614, 623, 94 S.Ct. 747, 752, 39 L.Ed.2d 38 (1974):

> . . . is not whether there is to be some form of adversary proceeding, but whether that proceeding must be as elaborate as appellants contend. That determination would be hazardous on the scant record before us. The regulations appear capable of accommodating various kinds of issues . . . .. We cannot know at this stage what particular procedures will be applied, whether credibility determinations will arise, [or] how they will be treated if they do . . . .. Removal of these uncertainties from the case may significantly advance judicial resolution of appellants' claims, while occasioning no great cost to them." (footnotes omitted)

Similarly, in Richardson v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151, reh. denied 405 U.S. 1033, 92 S.Ct. 1274, 31 L.Ed.2d 490 (1972), the Court took notice of newly adopted hearing regulations and vacated the District Court's decision and remanded the case to the SSA. The Court observed that if the result of reprocessing under the new regulations were to be favorable to the claimants there would be no need to consider whether an *oral* hearing was constitutionally required.

This Court thus concludes that the proper course of action here would be to await the outcome of pending administrative reconsideration. Accordingly, the defendants' motion to dismiss for failure to state a claim and plaintiffs' motion for summary judgment are denied without prejudice to renewal upon the completion of administrative reconsideration.[4]

■ Plaintiffs have also moved for an order permitting this suit to proceed as a Rule 23(b) class action. However, class action status is unnecessary in this case since any relief which might be ordered on behalf of the named plaintiffs as individuals with respect to the hearing rights mandated by due process and the adequacy of the present procedures would necessarily inure to the benefit of the class as a whole. *See, e. g.*, Galvan v. Levine, 490 F.2d 1255 (2d Cir. 1973), cert. denied, 417 U.S. 936, 94 S. Ct. 2652, 41 L.Ed.2d 240 (1974); Tyson v. New York City Housing Authority, 369 F.Supp. 513 (S.D.N.Y.1974); McDonald v. McLucas, 371 F.Supp. 831 (S. D.N.Y.1974), (three judge court), appeal filed, 43 U.S.L.W. 3019 (U. S. June 24, 1974). The motion for class action determination is accordingly denied.

■ The prospective intervenors, the Mortons and their two children, are also recipients of Social Security retirement benefits, and their benefits have been reduced without a prior hearing in order to recoup overpayments which were calculated on the basis of an earnings report submitted by Mr. Morton.[5] Their claims considered in relation to those of the plaintiffs present common questions both of law and fact. However, in light of this Court's decision to postpone consideration of the constitutional adequacy of the hearing procedures until administrative reconsideration of the plaintiffs' claims is completed, adjudication of the rights of the parties would be unduly delayed by interposing and waiting for administrative reconsideration of the

---

4. Due process requires a hearing of some kind prior to recoupment of past overpayments from future benefits. *See, e. g.*, Elliott v. Weinberger, 371 F.Supp. 960 (D. Hawaii 1974). Since the Werners did not receive any hearing at all, the $116 which was recouped from them should be returned pending completion of reconsideration, and plaintiffs' motion for summary judgment is granted insofar as to provide such relief. The SSA has promised on its own initiative to return the monies recouped from the Thomas family and apparently has already done so.

5. As with the Thomases, the SSA has returned the monies that it recouped from the Mortons and they are presently receiving their full benefits. The present status of administrative reconsideration in their case is unclear.

Mortons' claims as well. The Mortons are members of the would-be class and as such would benefit from any relief that plaintiffs may receive in their individual capacities. The motion for permissive intervention is accordingly denied, without prejudice to renewal after the administrative action has been had on the claims in suit.

So ordered.