## Ronald L. St. James v. Department of Employment Security

[356 A.2d 526]

No. 209-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

*Ronald L. St. James,* Lebanon, New Hampshire, *pro se.*

*Raymond S. Fitzpatrick* and *David M. Wilson,* Montpelier, for Defendant.

**Daley, J.** This is an appeal by a former federal probationary employee from a decision of the Vermont Employment Security Board affirming an appeals referee's decision that he is disqualified from receiving unemployment compensation benefits.

The appellant was employed by the United States Customs Service as a customs inspector at the port of Beechers Falls, Vermont. A few days prior to the end of his year's probationary service he was discharged from his position. Notification of this discharge was given to the appellant by letter from the St. Albans District Director of the United States Customs Service. The letter advised the appellant that he had been observed on several occasions waving vehicles through the United States border crossing at Beechers Falls, Vermont, without causing them to stop for inspection. Shortly after his discharge, the appellant filed a claim for unemployment compensation with the Vermont Department of Employment Security under the Unemployment Compensation for Federal Employees (UCFE) Program, 5 U.S.C. §§ 8501 et seq. On March 6, 1975, the claims examiner concluded that the appellant was discharged from his last employing unit "for mis-

conduct connected with work." Although other reasons were also given, the Vermont Employment Security Board concluded the above observed conduct only constituted "misconduct connected with work" under 21 V.S.A. § 1344(a)(1) and its denial of benefits, affirming the decision of the appeals referee, is accordingly based upon this finding alone.

Throughout the state process the appellant has claimed the federal findings, including this one, to be unfounded. He claims that the true reasons for his discharge are not those which were given by the federal employing agency, but are in fact discriminatory, based upon religious belief and political persuasion. The argument presented here is that the appeals referee, as well as the Vermont Employment Security Board, effectively denied the appellant due process of law in the denial of his request that certain subpoenas be issued. The argument is tantamount to an assertion of an obligation on the state agency to hear evidence on the reasons for discharge.

■■ The UCFE Program does not contemplate a hearing before the state agency for correction of factual findings of the federal employer. *Christian* v. *New York Department of Labor,* 414 U.S. 614, 94 S.Ct. 747, 39 L.Ed.2d 38 (1974). Except in certain instances not here applicable (see 20 C.F.R. § 609.18), the federal findings concerning the reasons for discharge of a former federal employee are treated as conclusive and binding upon the state agency. *Fermaglick* v. *Levine,* 41 App.Div.2d 70, 341 N.Y.S.2d 394 (1973); 5 U.S.C. § 8506(a). However, although § 8506(a) prohibits state re-examination of the facts relating to discharge, it does require that the discharged federal employee be given an opportunity for federal factual re-examination:

> The regulations [promulgated by the Secretary of Labor] shall include provision for correction by the employing agency of errors and omissions. Findings made in accordance with the regulations are final and conclusive for the purpose of [state adjudication].

The statute clearly requires that a claimant be given the opportunity to request correction of the findings by the federal employing agency. This opportunity is distinct from the right

given him to appeal to the United States Civil Service Commission. It is an intermediary right, an alternative available prior to, or instead of, the appellate route. The failure of the state agency to comply with 20 C.F.R. § 609.20, and the resulting inability of the appellant to pursue his position under other regulations, requires us to vacate the decision of the Vermont Employment Security Board and to remand the cause for action consistent with this opinion. See *Mancusi-Ungaro v. Caldwell*, 131 Ga. App. 39, 205 S.E.2d 58 (1974).

In *Christian v. New York Department of Labor, supra*, the Supreme Court of the United States made clear the requirement of the regulations promulgated under 5 U.S.C. § 8506(a) in the following language:

> The regulations promulgated by the Secretary of Labor plainly attach great significance to the right of the discharged employee to have the employing agency reconsider its stated reasons for his discharge. The crucial requirement that triggers this reconsideration is the obligation imposed upon the state agency to notify the applicant of the content of the federal findings, which notice "shall [also] inform the Federal civilian employee of his right to additional information or reconsideration and correction of such findings." 20 C.F.R. § 609.20. Thereupon, the employee may obtain additional information from the employing agency concerning the basis of its findings, § 609.22. Whether or not he avails himself of that opportunity, he may file a request for reconsideration and correction, "together with such information as supports his request, through the State agency before which the claim is pending. . . ." § 609.23. Upon receipt of such a request, the federal agency must consider any information submitted by the employee, promptly correct any errors or omissions, and either affirm, modify, or reverse its original findings in writing. § 609.9. Finally, the State is required to stay its adjudicatory process pending federal reconsideration, although it is conclusively bound by any factual findings of the federal agency, §§ 609.23(a), 609.18(c), when it applies its own law to redetermine eligibility. §§ 609.24(c), (d).
> *Id.* at 620–21.

As in *Christian*, there is nothing before us which shows compliance with 20 C.F.R. § 609.20. Neither is there any indication that the appellant invoked 20 C.F.R. § 609.23. The appellant received a form from the claims examiner notifying him only of (1) the date of his discharge, (2) the reasons for the discharge (which were identical to those given by his employer), (3) the conclusion that he was discharged for misconduct connected with work, and (4) his disqualification for benefits. No notice was given to the appellant of his right to additional information or reconsideration and correction of his employer's findings. The only advice given him that is apparent from the record is that he had the right to appeal findings to the United States Civil Service Commission. This right of appeal, however, is a restricted right (see 5 C.F.R. §§ 315, 805) and, in any event, is no substitute for the rights given a claimant under § 609.22 (Procedure for obtaining additional information) or § 609.23 (Procedure for obtaining correction of federal findings). These rights the state agency must bring to the claimant's attention. 20 C.F.R. § 609.20.

*The decision of the Vermont Employment Security Board is vacated, and the cause is remanded for action consistent with this opinion.*