Juan SALAS, Petitioner,

v.

DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.

No. 11621.

District of Columbia Court of Appeals.

Argued June 29, 1977.

Decided June 21, 1978.

Frances B. Aubrey, Washington, D. C. for petitioner.

Bill L. Smith, Washington, D. C., with whom Russell L. Carter, Robert J. Hallock and Earl S. Vass, Jr., Washington, D. C., were on the brief, for respondent.

Before GALLAGHER, HARRIS and MACK, Associate Judges.

MACK, Associate Judge:

This is a petition for review of a decision of the District of Columbia Unemployment Compensation Board.

Petitioner lost his job at the United States Department of the Treasury on August 20, 1976. On September 1, he filed a claim for unemployment compensation benefits. On the form he filled out at that time, petitioner gave as the reason for leaving his last job: "terminated in reprisal for filing a discrimination complaint. . . ." On another form, however, his federal employer gave as the reason for termination: "insubordination, insolence, malicious statements . . . and disruptive behavior." On September 20, petitioner was notified of an initial determination disqualifying him from benefits for ten weeks. The reason given for the determination was "you were discharged on 8–20–76 for gross misconduct on the job."

When petitioner was notified of the initial determination disqualifying him, he was also notified of his right to ask the federal employer to reconsider the "findings" embodied in the form filled out by that employer. The right of the claimant to request such reconsideration is provided for in 20 C.F.R. § 609.23(a). The duty of the unemployment compensation board to notify the claimant of this right is spelled out in 20 C.F.R. § 609.20.

However, petitioner was not notified of his right to request a hearing with respect to those federal findings. The right of the claimant to such a hearing is provided for in 20 C.F.R. § 609.9. The requirement that the board notify the claimant of this right is found in 20 C.F.R. § 609.23(c).

In fact, petitioner did not request reconsideration of the federal findings, nor did he request a hearing with respect to those findings. Rather, he filed a timely appeal from the initial determination and, on October 13, a hearing was held before an appeals examiner on the issue of "whether or

not the claimant was properly discharged from his last employment for reasons of misconduct." The federal employer did not appear at this hearing. On October 19, the appeals examiner issued a decision affirming the initial determination, but reducing the period of disqualification to five weeks. In support of this decision, the examiner stated:

> CONCLUSIONS: When a claim for benefits is based on federal government employment, the federal agency must determine the reasons for separation. This determination is final and binding on this agency by provision of federal law 5 USC 8506 and regulation 20. C.F.R. 609.18. Therefore, the Appeals Examiner must accept as finding of fact, the reasons for separation provided by the federal employer in this case. The employer states that the claimant was discharged for insubordination, insolence, slanderous statements and disruptive behavior.

On December 3, the Board affirmed the decision of the appeals examiner.

During the same months that petitioner was seeking unemployment compensation benefits, he was also awaiting a hearing before the Civil Service Commission on the federal employer's decision to fire him. His primary contention before this court is that the unemployment compensation board ought not to have given conclusive weight to the federal employer's findings before those findings had been reviewed by the Commission. We need not, however, reach this issue, for we think the Board's ruling must be reversed on other grounds.

In *Christian v. New York Department of Labor*, 414 U.S. 614, 94 S.Ct. 747, 39 L.Ed.2d 38 (1974), two unemployment compensation claimants alleged that a state unemployment compensation board had denied them their constitutional rights by according finality to federal findings which the claimants had never been given an opportunity to contest. The Supreme Court refused to pass on the constitutional question raised, basing its decision instead on the apparent failure of the state agency to give the notice required by 20 C.F.R. § 609.20.

Subsequent to *Christian*, the federal regulations were amended, and the notice provisions of 20 C.F.R. § 609.23(c) were added. In the instant case, if the Board had complied with 20 C.F.R. § 609.23(c) and given petitioner notice of his rights under 20 C.F.R. § 609.9, (1) petitioner could have requested and obtained a truly adversary hearing before an impartial decisionmaker regarding the correctness of the federal findings (20 C.F.R. § 609.9(c)); and (2) the impartial decisionmaker would have been required to make a determination with respect to these findings within 40 days, regardless of the pendency of the appeal to the Civil Service Commission (20 C.F.R. § 609.9(b)(2)); and (3) *in addition to this,* if the Civil Service Commission had subsequently handed down a decision favorable to petitioner, the findings of the impartial decisionmaker would have had to be amended, upon request, to accord with the Commission's later decision. (20 C.F.R. § 609.-9(b)(3)).

It is thus clear that the Board's failure to comply with 20 C.F.R. § 609.23 (c) deprived petitioner of substantial rights. The decision is accordingly vacated and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*