623 F.2d 347
 105 L.R.R.M. (BNA) 2209, 89 Lab.Cas. P 12,251
 John W. LANDRY and Leroy Jacquet, Plaintiffs,
George H. Kugler and Nathaniel Jones, Plaintiffs-Appellants
Cross-Appellees,
v.
SABINE INDEPENDENT SEAMEN'S ASSOCIATION, Defendant-Appellee
Cross-Appellant,
Sabine Towing & Transportation Company, Inc., Defendant-Appellee.
 No. 78-1976.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 6, 1980.
 
 Stephen M. Vaughan, Houston, Tex., for plaintiffs-appellants cross-appellants.
 Law Offices of Thomas W. Moore, Eric J. Hopkinson, Thomas W. Moore, Houston, Tex., for Sabine Independent Seamen's Ass'n.
 Vinson & Elkins, John H. Smither, William A. Jones, Jr., Houston, Tex., for Sabine Towing & Transp. Co., Inc.
 Appeals from the United States District Court for the Eastern District of Texas.
 Before GODBOLD, SIMPSON and THOMAS A. CLARK, Circuit Judges.
 GODBOLD, Circuit Judge:
 
 
 1
 This suit arises out of alleged breaches of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401 et seq. Appellants are union members who sought to compel appellee Sabine Independent Seamen's Association (SISA) to produce its financial records for inspection under 29 U.S.C. § 431(c) and also to reimburse union members for a dues increase that violated the provisions of 29 U.S.C. § 411(a)(3)(A). The district court granted limited inspection under § 431(c) but held that the § 411(a) claim failed because appellants had waived their rights by failing to revoke a check-off authorization for dues collection. Attorneys' fees requested by appellants were also denied. Both parties appeal.
 
 I. Inspection Claim
 
 2
 Appellants sought to inspect SISA financial records to investigate suspected double payments to union officials. Their initial request did not specify the dates of the documents they sought, but a subsequent request and motion, directed to the court, stated that appellants sought financial records dating from 1970. The district court denied this request and ordered inspection only of financial records dating from January 1, 1975 to the date of trial, December 5, 1977.
 
 
 3
 The inspection order was justified. All that is required is that appellants show "just cause" for the inspection, which need be only a suspicion that would put a reasonable union member to further inquiry. Fruit and Vegetable Packers and Warehousemen Local 760 v. Morley, 378 F.2d 738, 744 (9th Cir. 1967). Wrongdoing need not be shown by a preponderance of the evidence, and the possibility of double-dipping found by the district court constitutes just cause. That finding is not clearly erroneous, and the order of inspection from 1975 to the date of trial was justified.[1]
 
 
 4
 However, the district court refused to order inspection of pre-1975 documents on the ground that the pre-trial order had limited inspection to documents dating from January 1, 1975. This was error. The pre-trial order related only to discovery, and the documents were sought pursuant to that order for the purpose of demonstrating that just cause existed for a broader order of inspection under § 431(c). To limit relief under § 431(c) to already discovered documents erodes the remedial purposes of the statute, which operates as a check on union wrongdoing. Since appellants have demonstrated just cause for inspection by their showing of possible double payments, they were entitled to inspect SISA's financial records from 1970.
 
 II. Dues Claim
 
 5
 In 1975 SISA raised its dues from $4.00 to $10.00 per month. The election that approved this increase was not accomplished by secret ballot, as required by 29 U.S.C. § 411(a)(3)(A). The increase was ratified in 1977 by an election allegedly conforming to § 411(a). The district court held that appellants had waived their right to challenge the 1975 dues increase by their failure to revoke a dues check-off authorization. SISA does not deny that the 1975 election was invalid but urges that appellants waived their right to challenge it, or, alternatively, that appellants were guilty of laches in asserting their claim.
 
 
 6
 It is undisputed that the 1975 dues increase was invalid. The sole question is whether appellants waived their right to challenge the increase. This court has held that failure to provide a secret ballot invalidates a subsequent check-off. Steib v. New Orleans Clerks and Checkers, Local No. 1497, 436 F.2d 1101, 1106 (5th Cir. 1971). The check-off in this case was therefore invalid and failure to revoke it could not serve to waive appellants' claims. See also Local No. 2, International Brotherhood of Telephone Workers v. International Brotherhood of Telephone Workers, 362 F.2d 891 (1st Cir.), cert. denied, 385 U.S. 947, 87 S.Ct. 321, 17 L.Ed.2d 226 (1966). This is but one aspect of the general rule that rights under § 411 cannot be waived. Tincher v. Piasecki, 520 F.2d 851 (7th Cir. 1975); International Brotherhood of Boilermakers v. Rafferty, 348 F.2d 307 (9th Cir. 1965). Nor could the increase be ratified retroactively by the 1977 election. Telephone Workers, supra.
 
 
 7
 The district court should have held that appellants stated a prima facie case under § 411(a) and granted reimbursement for the dues collected between 1975 and 1977 unless it found laches. The court should also have determined the validity of the 1977 election in order to determine the appropriate scope of relief.
 
 III. Relief
 
 8
 On the inspection claim, appellants sought an order permitting inspection and attorneys' fees. We have already stated that appellants were entitled to the inspection order. Attorneys' fees are permitted under § 431(c) in the discretion of the district court. The district court denied attorneys' fees, and appellee urges that this did not constitute an abuse of discretion. However, the LMRDA, like the Civil Rights Act of 1964, is a remedial statute. International Brotherhood of Boilermakers v. Braswell, 388 F.2d 193, 200-01 (5th Cir.), cert. denied, 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854 (1968). Thus the rationale of Newman v. Piggie Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), applies, and attorneys' fees should be awarded absent special circumstances rendering such an award unjust. See, e. g., International Oceanic Enterprises, Inc. v. Menton, 614 F.2d 502 (5th Cir. 1980); Johnson v. Mississippi, 606 F.2d 635 (5th Cir. 1979); Morrow v. Dillard, 580 F.2d 1284 (5th Cir. 1978).
 
 
 9
 On the dues claim, appellants sought reimbursement for themselves and all union members, injunctive relief against continued collection of the dues, and attorneys' fees. Appellants are entitled to reimbursement for themselves in the amount of the invalid increase for at least the period 1975-1977, unless the district court finds the claim barred by laches.[2] However, as the suit was not brought as a class action, and no other union members were joined as plaintiffs, relief should be limited to reimbursement of the individual named plaintiffs. The class action is intended as a device for litigating the claims of individuals other than named plaintiffs, and failure to resort to it precludes the award of monetary relief to the hypothetical class. See In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1128 n.33 (7th Cir. 1979), cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979); Advisory Committee Notes to F.R.Civ.P. 23; cf. Thomas v. Weinberger, 384 F.Supp. 540, 543 (S.D.N.Y.1974) (comparison with injunctive or declaratory relief).[3] The propriety of injunctive relief depends on the validity of the 1977 election and should be determined by the district court on remand.
 
 
 10
 There is no provision for attorneys' fees for violations of § 411. However, courts have interpreted § 412, which provides "appropriate relief" for § 411 violations, to permit attorneys' fees under either of two circumstances: if the union has acted in bad faith or if the suit confers a substantial benefit on union members. Hall v. Cole, 412 U.S. 1, 8-9, 93 S.Ct. 1943, 1947-1948, 36 L.Ed.2d 702, 709-10 (1973); McDonald v. Oliver, 525 F.2d 1217 (5th Cir.), cert. denied, 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976). In this case neither element has been satisfied. There has been no showing that the union acted in bad faith. In view of the nominal sums and small number of union members involved, we hold that the suit did not confer a substantial benefit on union members.[4] The district court was therefore not required to award attorneys' fees for the § 411 claim.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 [1]
 The district court also held that SISA had waived its right to have the first opportunity to determine just cause, and abort the suit, by its failure to respond to appellants' initial request. As we hold that just cause did exist, we need not consider this issue
 
 
 [2]
 If the district court finds on remand that the 1977 election was also invalid appellants are entitled to reimbursement for the period subsequent to 1977 as well, for as long as they have paid the illegal dues
 
 
 [3]
 The class action device was potentially available in this case. See Connor v. Highway Truck Drivers & Helpers, 68 F.R.D. 370 (E.D.Pa.1975)
 
 
 [4]
 Numbers alone will not preclude an award of attorneys' fees where the interest plaintiffs seek to vindicate is of paramount importance and union members' rights would most likely have continued to be infringed without the action taken by plaintiffs. See Hall v. Cole, supra (right of free speech). No such likelihood exists here