Herman WALKER, et al., Plaintiffs,

v.

TEAMSTERS LOCAL NO.
71, et al., Defendants.

No. C–C–86–462–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 26, 1993.

Edward G. Connette, Gillespie, Lesesne & Connette, Charlotte, NC, for plaintiffs.

Hugh J. Beins, Beins, Axelrod & Osborne, Washington, DC, Francis M. Fletcher, Jr., Harkey, Fletcher & Lambeth, Charlotte, NC, F. William Kirby, Jr., Manning, Davis & Kirby, Richmond, VA, Steele B. Windle, III, Miller, Johnston, Taylor & Allison, Charlotte, NC, for defendants.

### ORDER

McMILLAN, District Judge.

This case was filed in 1986 and, after a bench trial, was decided in 1988. The plaintiffs, truck drivers, won their case against the Union and the employer trucking companies.

Under the terms of the judgment, defendants were ordered to pay back wages to a certified class of inter-city truck drivers.

The defendants appealed, and the United States Circuit Court of Appeals for the Fourth Circuit affirmed this court's decision, with a modification that somewhat narrowed the plaintiff class. 930 F.2d 376.

The defendants moved for rehearing and rehearing en banc; those motions were denied by the Court of Appeals.

The defendants' petitions for writs of certiorari were denied by the United States Supreme Court on December 9, 1991.

The plaintiffs, as prevailing parties, have now moved for attorney's fees and costs.

### Attorney's Fees Issues

The plaintiffs have requested:

1. Attorney's fees against the union and the employer in the amount of $191,940.00;

2. Lost wages and other expenses that individually named plaintiffs have incurred in litigating their claims in the amount of $17,598.12; and

3. Expenses in the amount of $6,214.68.

### Prevailing Party

■ The plaintiff class brought this action against the Teamsters Union under Title I of the Labor–Management Reporting and Disclosure Act (LMRDA). The United States Supreme Court held in *Hall v. Cole* that, when plaintiffs prevail under the LMRDA, attorney's fees are available under the common benefit doctrine. *Hall v. Cole*, 412 U.S. 1, 8, 93 S.Ct. 1943, 1947, 36 L.Ed.2d 702 (1973). The rationale is that, by prevailing, the plaintiff has also accomplished a victory for the other members of the union.

The Fifth Circuit Court of Appeals has held that, in LMRDA litigation, as in civil rights litigation, "attorney fees should be awarded absent special circumstances rendering such award unjust." *Landry v. Sabine Indep. Seamen's Ass'n*, 623 F.2d 347, 350 (5th Cir.1980). There are in this case no such "special circumstances."

The Fourth Circuit Court of Appeals has held that prevailing party plaintiffs to whom defendant owes a duty of fair representation are entitled to fees under the common benefit doctrine. *Harrison v. UTU*, 530 F.2d 558 (4th Cir.1975). The *Harrison* court interpreted *Hall* to require the award of attorney's fees. *Id.* at 564.

Courts have also awarded attorney's fees to plaintiffs prevailing in duty of fair repre-

sentation suits against unions under the theory that fees and expenses are part of compensatory damages that may be awarded against the union.

The costs of litigation, including attorney's fees, are a principal component of such damages. *Self v. Drivers, Chauffeurs, Warehousemen and Helpers Local Union No. 61*, 620 F.2d 439, 444 (4th Cir.1980). In *Self*, the Fourth Circuit stated, "Employees should be awarded a judgment in a reasonable amount to cover their expenses *including* attorneys fees and costs, incurred in seeking a fair resolution of the claim against their employer." 620 F.2d 439, 444 (4th Cir.1980). (Emphasis added.)

Both defendants, the employer Consolidated Freightways ("CF") and the Teamsters Union ("Union") have filed responses objecting to an award of attorney's fees in full, asserting that plaintiffs did not prevail on all their claims.

The defendants base their contention on the fact that the suit originally was filed against numerous defendants, and that seven of those defendants were dismissed before trial. In addition, the Fourth Circuit Court of Appeals modified this court's judgment, reducing somewhat the amount of the award and the size of the plaintiff class. Therefore, defendants claim that under *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the amount of attorney's fees awarded should be reduced to reflect that lack of success on all claims asserted.

However, these plaintiffs' claims for relief involve, or have, a *common core of facts* and are based on *related legal theories*. Much of counsel's time was devoted to the litigation as a whole. The Supreme Court in *Hensley* held that, in such cases, "the district court should focus on *the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.*" *Hensley* at 435, 103 S.Ct. at 1940 (Emphasis added.)

*Hensley v. Eckerhart*, as it relates to this case, indicates that the plaintiffs and their counsel are entitled to fees that adequately compensate them for all their services "reasonably expended" during the preparation and trial of this case, *without* being reduced by the amount of their labor which was spent developing theories which hindsight may show not to have been necessary to sustain the ultimate results.

A re-reading of Justice Powell's opinion of the Court in *Hensley* makes it clear that although results are important, plaintiff may get fees even though not successful on all claims asserted. It is also clear from *Hensley* that a plaintiff must be a "prevailing party" to recover attorney's fees.

These plaintiffs have prevailed.

### Named Plaintiffs' Costs and Expenses

■ The named plaintiffs showed by affidavit that they expended substantial sums totaling $17,598.12 in the form of lost wages and expenses necessarily incurred in preparing and prosecuting the case. They seek compensation for those items of lost wages and out-of-pocket expenses.

There appears no particular contest of the figures involved; defendants, in reply, simply say that the law doesn't allow litigants to recover items like lost wages and expenses.

The court disagrees. Plaintiffs should recover their personal out-of-pocket lost wages and expenses necessarily incurred in preparing and prosecuting their case.

### Conclusions

The following conclusions are reached from the evidence in this case:

Plaintiffs are the prevailing parties. They obtained substantially the relief they sought. Their labors have produced benefits common to all the plaintiffs. They are entitled to recover their costs and expenses, including attorney's fees for hours reasonably expended in the prosecution of the litigation.

The court remembers the admonition from *Hensley v. Eckerhart*, 461 U.S. 424 at 437, 103 S.Ct. 1933 at 1941, that:

"A request for attorney's fees should not result in a second major litigation."

I believe that means that even if this court had detailed knowledge and experience sufficient to justify writing a new thesis on the subject of fees, it ought to be sufficient to

rely on the words of the Supreme Court quoted above at 461 U.S. 424 at 437, 103 S.Ct. 1933 at 1941.

### Attorney's Fees and Expenses

As the plaintiffs' motion reveals, the labor devoted by plaintiffs' attorneys to this case was substantial. The court has reviewed in detail the hours charged and is aware of the evidence regarding the degree of expertise of counsel.

In due respect, I am unable to go along with fees in all of the amounts requested.

■ Lead counsel for plaintiffs, Edward G. Connette, seeks compensation for 580.05 hours at $170 an hour, for a total of $98,608.50.

His claim is supported by his affidavit. He is entitled to compensation for the hours and at the rate requested.

Mr. Connette has practiced law in this jurisdiction for many years and has appeared many times in this court. He is experienced in handling employment discrimination cases. He is low key in manner, but keeps his mind on his business; he questions witnesses with clarity and he seems to know where he is going in every phase of a case. He has been consistently well prepared to go forward with his case and to be thorough and forthright in the presentation of the evidence and the positions taken before this court. He has conducted this litigation with dispatch and, as lead counsel for plaintiffs, has obtained results which, although long delayed by no fault of his, are, nevertheless, substantial. He has won the case and is entitled to reasonable fees for representing the plaintiffs. I see no reason to reduce any of the hours for which he requests compensation, nor to deny recovery for the expenses claimed; and the defendants have not provided any such reasons.

The defendants contend that Mr. Connette's charges should be reduced because of duplication of effort by counsel for plaintiffs.

A case that lasts as long as this one requires duplication of effort, unless the lawyer handling the case is willing to depend upon unrefreshed memory before drafting a pleading, dictating a memorandum, or conferring with a client or opposing counsel. I see no evidence of wheel-spinning or unwise exertion of effort. Preparation and trial of a major case require a lot of talk among the lawyers who have been hired by their clients.

The results were a substantial success for the plaintiffs; the inevitable duplication of effort is minimal; and plaintiffs' counsel are entitled to the full reasonable value of their services in line with the records and affidavits they have submitted in support of such claims.

■ Julie Fosbinder was one of the attorneys for plaintiff. At trial, she served as assistant to Mr. Connette, lead counsel for the plaintiff.

Ms. Fosbinder has submitted a request for fees in the amount of $68,194, covering 487.10 hours of time. She claims numerous blocks of time of between nine and ten hours for one-way automobile trips between Washington and Charlotte. She has charged for all this travel time at what she says is her customary billing rate of $140 an hour.

I have no quarrel with Ms. Fosbinder's preference to ride on wheels rather on the "wings of man," but I believe there is a point after which she must indulge that preference at her own expense. Therefore, Ms. Fosbinder's total hours billed (487.10) have been adjusted downward by 10%.[1] Ms. Fosbinder is entitled to compensation for 438.39 hours at $140 an hour.

■ Paul Alan Levy, one of plaintiffs' counsel, requested compensation for 111.5 hours of legal services at the rate of $210.00 an hour, for a total of $23,415.00.

Mr. Levy is a 1976 honor graduate of the University of North Carolina at Chapel Hill School of Law and is a member of several state bars, various federal trial courts and courts of appeals and the Supreme Court of

---

1. A rough computation of the overcharge which her preference to drive rather than fly produced is about 45 hours. Reducing her claim by 45 hours amounts to $6,300, which is roughly 10% of her total hours billed.

the United States. He specializes in arguing cases before appellate courts and has argued several cases before the Supreme Court of the United States. He has written a number of law review articles on labor law matters.

Mr. Levy seeks compensation as a consultant in this case. He collaborated on plaintiffs' brief to the Fourth Circuit Court of Appeals. He wrote parts of the brief and went to Richmond and conducted the argument before the Circuit Court of Appeals. He is apparently a competent and energetic appellate lawyer.

Mr. Levy's time records are detailed, informative and businesslike; his argument before the Court of Appeals was successful. He is entitled to compensation at the same hourly rate as the lead trial lawyer, Mr. Connette. The court therefore approves an award of fees for Mr. Levy's services at the hourly rate of $170.00.

Fees are requested on behalf of Mr. Alan B. Morrison, Mr. Levy's co-counsel, for 6.5 hours of services at $265 an hour, for a total of $1,722.50.

The file contains no affidavit from Mr. Morrison; the time record filed under the heading "Morrison Time" is terse and uninformative.

Statements are made in Mr. Levy's affidavit about Mr. Morrison's legal history and background, including a visiting professorship at Harvard Law School; his services as an Assistant United States Attorney in New York City; and his experience as a litigator in several appeals. Mr. Levy says Mr. Morrison's services are worth $265 an hour. Mr. Morrison does not say; there is no affidavit from him. I believe it would be fair to compensate him at the same rate as Mr. Levy, who successfully argued the appeal; I therefore approve an hourly rate of $170 for Mr. Morrison.

The court will not attempt to recite all the arguments and the evidence which are contained in the parties' briefs and motions.

**IT IS THEREFORE ORDERED** that plaintiffs recover of the defendants, jointly and severally, the court costs to be taxed by the Clerk, plus attorney's fees, costs and expenses in amounts as follows:

### Attorney Fees

| Name | Hours | Hourly Rate | $ Amount |
| --- | --- | --- | --- |
| Edward G. Connette | 580.05 | $170 | 98,608.50 |
| Julie Fosbinder | 438.39 | 140 | 61,374.60 |
| Paul Alan Levy | 111.5 | 170 | 18,955.00 |
| Alan B. Morrison | 6.5 | 170 | 1,105.00 |
| | | | 180,043.10 |

### Attorney Expenses

| | |
| --- | --- |
| Edward G. Connette | 5,086.73 |
| Julie Fosbinder | 640.75 |
| Paul Alan Levy | 487.20 |
| | 6,214.68 |

### Named Plaintiffs' Costs and Expenses

| | |
| --- | --- |
| Herman Walker | 4,978.12 |
| Bradley Colesworthy | 4,025.00 |
| Tera Slaughter | 3,150.00 |
| Thomas Dillon | 5,445.00 |
| | 17,598.12 |

| | |
| --- | --- |
| TOTAL AWARD FEES, COSTS AND EXPENSES: | $203,855.90 |