Alicia NASH

v.

The BOEING COMPANY.
Civ. A. No. 73–496.

United States District Court,
E. D. Pennsylvania.
May 28, 1974.

**452**

John O. J. Shellenberger, III, Mary Alice Duffy, Philadelphia, Pa., for plaintiff.

Robert M. Landis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Before the Court is the motion of plaintiff, Alicia Nash, for an Order directing that this action be maintained as a class action on behalf of all females who (a) have unsuccessfully sought employment with the defendant (Vertol Division) since July 2, 1965; (b) have been employed by defendant (Vertol Division) since July 2, 1965; and, (c) will apply for employment with defendant (Vertol Division).

On March 5, 1968, plaintiff applied through an employment agency in Philadelphia for the position of operations analyst at defendant's plant which is within the Philadelphia area. On April 19, 1968, she was interviewed by four male employees at defendant's engineering department. She was not hired, but two male applicants were given the jobs that were available. Since that time, defendant has had openings available for the position of "Systems Analyst." It has not extended plaintiff an offer of employment.

After the Equal Employment Opportunity Commission had found that reasonable cause existed for the conclusion that plaintiff had been discriminated against because of her sex, plaintiff filed a civil action in this Court under § 701 et seq. of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Federal Equal Pay Act, 29 U.S.C. § 206(d)(1), alleging sex discrimination by defendant in its hiring practices.

In the Court's considered discretion, the motion will be denied without prejudice so that the plaintiff may move the Court, after she has obtained a verdict against the defendant, to consider extending relief to other females affected by defendant's policy.[1]

---

1. See, Katz v. Carte Blanche Corporation, 496 F.2d 747 (3rd Cir. 1974); Sprogis v. United Air Lines, 444 F.2d 1194 (7th Cir. 1971).