**Harry M. CONNOR et al.**

v.

**HIGHWAY TRUCK DRIVERS & HELPERS et al., and Louis J. Bottone et al.**

**Civ. A. No. 73–2820.**

United States District Court,
E. D. Pennsylvania.
July 22, 1975.

Michael F. Kraemer, Astor & Weiss, Philadelphia, Pa., for plaintiffs.

Roy Barnes, New York City, Casper & Muller, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

Presently before the Court for reconsideration is one aspect of our previous resolution of the class action issue, under F.R.Civ.P. 23 [1] in this lawsuit.

This is an action under Title I of the Labor-Management Reporting and Disclosure Act (Act), 29 U.S.C. § 401 et

---

1. Federal Rule of Civil Procedure 23 provides, in pertinent part:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

seq., in which the plaintiff seeks, under section 102 of that Act, 29 U.S.C. § 412, relief for himself and the class he seeks to represent for violation of the ballot-ing procedures for a dues increase under section 101(a)(3) of the Act, 29 U.S.C. § 411(a)(3). The essence of the cause of action is an allegation that union dues were raised from eight to ten dollars a month by a procedure, i. e. a non-secret voice vote upon inadequate notice, in violation of section 101(a)(3). The plaintiff has requested for himself and the class an injunction against collection of dues in excess of eight dollars a month and the reimbursement of money illegally collected as dues in excess of eight dollars a month.

By memorandum and order dated July 25, 1974, we denied defendants' motions to dismiss the individual plaintiff's complaint, to dismiss the class action aspects of the complaint, and for a more definite statement with respect to class action status on injunctive relief. In that same order: we certified the action as a class action with respect to the request for injunctive relief against the collection of the dues increase under F.R.Civ. P. 23(b)(2); we defined the class as all members of Local 107 except defendants herein; and we reserved defendants' motion for a more definite statement with respect to class action status on the reimbursement request and stayed certification of the action on the reimbursement request pending disposition of the request for injunctive relief. *Connor v. Highway Truck Drivers and Helpers, Local 107*, 378 F.Supp. 1069 (E.D.Pa. 1974).

Subsequently, the plaintiff filed a motion for certification of the reimbursement request under F.R.Civ.P. 23(b)(3) and on March 17, 1975, we entered a memorandum and order in which we denied plaintiff's motion without prejudice to renewal if and when plaintiff obtained a judgment in the action, relying upon *Katz v. Carte Blanche Corporation*, 496 F.2d 747 (3d Cir., 1974) (en banc),

*cert. den.*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974) and *Nash v. Boeing Company*, 63 F.R.D. 451 (E.D.Pa.1971). Moreover, we directed the parties to examine the intervening decision of the Third Circuit in *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3d Cir. 1975) on the class action issue when it became ripe for disposition.

On April 11, 1975, defendants filed a motion for an extension of time within which to appeal and a motion for reconsideration of our orders of July 25, 1974 and March 17, 1975. Before action was taken on these motions, defendants filed, on April 16, 1975, a notice of appeal.

On April 27, 1975, the parties entered into a stipulation, approved by this Court, withdrawing the notice of appeal from the orders of July 25, 1974 and March 17, 1975, "subject to this . . . Court issuing a final order with respect to plaintiff's motion for class action certification within the applicable Federal Rules of Civil Procedure".

We now must determine the class action status of this lawsuit with respect to the reimbursement request. We conclude that the action, with respect to both requests for relief, should be certified as a class action under (b)(2), and so certify.

■■ In their motion for reconsideration, defendants argued that the procedure adopted in this court's order of July 25, 1974 and March 17, 1975 conflicted with the Supreme Court's prohibition of a preliminary inquiry into the merits of an action prior to class action determination, relying upon *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). We do not agree that the procedure outlined in *Katz* and utilized here conflicts with *Eisen*. Nevertheless we do believe it inappropriate, both generally and under *Katz*, to postpone class action determination when the defendant objects to such postponement. At the time we entered

the order of March 17, 1975 we believed that we pursued a course both approved by defendants' counsel, and legally and practically beneficial to defendants in the context of this lawsuit. However, because we believe it inappropriate to postpone a determination over the objection of the defendants, and not because of any conflict with *Eisen*, we agreed to presently determine the class action issue, on the reimbursement request.

Defendants argue that the request for dues reimbursement should not be accorded class action certification at all. We, of course, reaffirm our previous decision that this action, with respect to the request for an injunction and the reimbursement of dues, satisfies all the prerequisites of Rule 23(a). Specifically, we again reject defendants' contentions regarding antagonism within the class, on the basis of our previous decision, for their present contentions are not substantially different from thos previously presented and rejected. *Connor v. Highway Truck Drivers and Helpers, Local 107, supra* at 1074–76.

The controversy, with respect to the proper designation of the reimbursement request under Rule 23(b), centers upon sections (b)(2) and (b)(3).

As to section (b)(2), defendants state that:

"A 23(b)(2) suit is one in which appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole is appropriate. In this case, the plaintiff seeks a judgment which would require the defendant to return all dues collected as a result of an alleged violation of 29 U.S.C. 411 . . . A 23(b)(2) is clearly not one in which

money damages, or the return of dues money collected, is appropriate."

Defendants contend that the above stated position is supported by *Wetzel*; and defendants more specifically rely upon *Paddison v. Fidelity Bank,* 60 F.R.D. 695 (E.D.Pa.1973). Counsel has also directed our attention to *Rota v. Brotherhood of Railway, Airline & S.S. Clerks,* 64 F.R.D. 699 (N.D.Ill.1974).[2]

In our initial decision on the class action issue, we held that the reimbursement request could only be certified under (b)(3). Despite the fact the reimbursement request was presented in an action also seeking an injunction, we agreed with the reasoning in *Paddison* that the monetary relief should be treated under (b)(3). Judge Newcomer of this Court, who authored the *Paddison* decision, has concluded that the *Wetzel* decision, vitiates *Paddison's* injunctive relief/monetary relief dichotomy, at least in actions considered equitable in nature. *Rhodes v. Weinberger,* 66 F.R. D. 601 (E.D.Pa.1975). We agree.

The *Wetzel* decision was prompted by a class action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1970), as amended, Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e et seq. (Supp. II, 1972), involving sexual discrimination and requesting both injunctive and monetary relief. The Court extensively discussed the characteristics of (b)(2) and (b)(3) actions.

The basic difference, emphasized by the Court, between a (b)(2) and (b)(3) action is the cohesiveness or heterogeneity of the claims, i. e. "a (b)(2) class must be cohesive as to those claims tried in the class action". *Wetzel* at 248.

**2.** The *Rota* action, like the instant action, involves an increase in union dues. In discussing the class action decision, the Court there relied upon our prior memorandum of July 25, 1974. We now modify our decision of that date on the class action decision on the basis of *Wetzel*. The *Rota* decision also deals with the question of possible antagonism within the class of union members, and we believe it lends support to our original decision on that issue in our case. However, as we note above, we have resolved that issue once and we decline defendants' invitation to rehash it again.

In assessing whether the *Wetzel* action, seeking both injunctive and monetary relief, was appropriate for (b)(2) certification, the Court focused on a number of factors relevant here. First, the Court observed that a Title VII suit against discrimination in employment is necessarily a suit to end discrimination based on a common class characteristic so that, within the meaning of (b)(2), the employer's action is on grounds generally applicable to the class as a whole and the relief against that conduct is sought with respect to the class as a whole. The Court concluded that the fact that all members of the class shared a common characteristic which was the object of discrimination insured the cohesiveness of the claims presented. Second, the Court specifically concluded that:

".  .  ., the language of (b)(2) does not support the contention that (b)(2) actions are limited to final injunctive relief or declaratory judgments only. Rather, the language describes the type of conduct by the party opposing the class action which is subject to equitable relief by class action under (b)(2)." *Wetzel* at 251.

An additional observation by the Court may further refine the nature of an action susceptible to treatment under (b)(2).

"Since a Title VII suit is essentially equitable in nature, it cannot be characterized as one seeking exclusively or predominantly money damages." *Wetzel* at 250–51 (footnote omitted).[3]

The Third Circuit, of course, concluded that a (b)(2) class action is appropriate in a Title VII lawsuit when both

final injunctive and monetary relief are requested.

We have set out at length our reading and interpretation of the *Wetzel* decision both because our interpretation of that decision is fundamentally at odds with that of the defendants set out above and virtually resolves the limited issue presently before us by its own force.

Our prior opinion in this case sets out at length the facts alleged in the complaint and the statutory basis of the suit, and we need not repeat that material now. Clearly, a suit under Section 101(a)(3) of Title I of the Labor-Management Reporting and Disclosure Act presents a paradigm of the lawsuit suitable to class action treatment under (b)(2) with respect to the cohesiveness of the claims to be tried in the class action. In fact, based on our analysis of the law under section 101(a)(3) and the proof necessary to establish a violation thereunder as set out in our prior opinion, there will certainly be fewer and far simpler non-class questions present in this type of action than in a Title VII action, both with respect to any deserved injunctive and/or monetary relief.

█ Indeed, we have already held that this action was appropriate for (b)(2) treatment for injunctive relief. Our interpretation of (b)(2) that resulted in our refusal to certify the monetary relief-request under (b)(2), as well, has now been corrected by the Third Circuit. We interpret *Wetzel* to hold that requests for both injunctive and monetary relief in a lawsuit may be certified for (b)(2) class action treatment when the lawsuit involves activity by the defendant on a basis generally applicable to the

---

3. This comment by the Court parallels the Advisory Committee Note on Rule 23(b)(2), which pertinently states:

"This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is

appropriate. Declaratory relief 'corresponds' to injunctive relief when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief. The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Advisory Committee's Note to Proposed Amendments to Rule 23, 39 F.R.D. 69, 102 (1966).

class such that final injunctive or declaratory relief against defendant's conduct, so based, is appropriate with respect to the class as a whole, and the lawsuit is "essentially equitable in nature" and/or the appropriate final relief does not relate exclusively or predominantly to money damages. The injunctive/monetary relief dichotomy we had posited has been vitiated by this holding of the Third Circuit.

Moreover, the fact of the reimbursement request does not render this an action in which the appropriate final relief relates predominatly to money damages. Like *Wetzel,* the final relief, in this case, including the reimbursement request, traditionally would be characterized as essentially equitable, and so is not of a predominantly monetary nature. We recognize that it has been held that the Seventh Amendment guarantee of a jury trial has been held applicable to an action, under section 102, arising from an expulsion or suspension from membership in a union, in which damages, in addition to reinstatement and/or restoration, are sought. *Simmons v. Avisco, Local 713, Textile Workers Union,* 350 F.2d 1012, 1017–18 (4th Cir. 1965). *See also, International Bro. of Boilermakers, etc. v. Braswell,* 388 F.2d 193, 197–98 (5th Cir. 1968), *cert. den.,* 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854 (1968); *Contra, McCraw v. United Ass'n of Journeyman & App. of Plumbing, etc.,* 341 F.2d 705, 709 (6th Cir. 1965). However, we do not determine a right to jury trial issue. Rather, we decide the predominant nature of appropriate final relief, for purposes of Rule 23(b)(2). Viewed from this prospective, monetary relief in connection with an action for reinstatement may be characterized as equitable. *Compare, McCraw v. United Ass'n of Journeyman & App. of Plumbing, etc., supra.* At any rate, the reimbursement request in this case, from the perspective of its proper designation under Rule 23(b), is incidental to and an integral part of the equitable-injunctive

remedy, a form of restitution, and so, the entire action may be certified under Rule 23(b)(2).

■ Based upon our prior opinion and the discussion above, we have no difficulty concluding that this action, with respect to both requests for relief, should be certified under (b)(2). Accordingly, we certify plaintiff under Rule 23(b)(2) as representative for the previously defined class reimbursement claim as well as their injunctive relief claim.

The other arguments advanced by the defendants with respect to Rule 23(b)(3) need not be addressed because of the disposition herein.