Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL UNION NO. 20, Defendant.

No. C 78–407.

United States District Court, N. D. Ohio, W. D.

Feb. 27, 1981.

Patrick Foley, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

Jack Gallon, Toledo, Ohio, for defendant.

Sam G. Bolotin, Toledo, Ohio, for plaintiffs-intervenors, Omar L. Brown and Harry Starkey.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

This cause came to be heard upon the filing by plaintiff/intervenors of a motion for an award of attorney's fees. This motion has been opposed by the defendant Local 20 and by the plaintiff Secretary of Labor. The motion raises the important issue of whether attorney's fees are awardable to intervenors in union election challenges processed under Title IV of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 481 *et seq.* (1970).

The remedial provisions of Title IV of the LMRDA do not expressly provide for an award of attorney's fees. 29 U.S.C. §§ 482, 483. In fact, Congress specifically rejected a bill, H.R. 8342, 86th Cong. 1st Sess., Section 402(a) (1959), which provided for union member suits under Title IV and authorized the award of appropriate relief, including attorney's fees. By contrast, Titles I, II, III and V make provisions for various types of appropriate relief, some of which include attorney's fees.

Plaintiff intervenors argue that an award of equitable relief to an intervenor, including attorney's fees, is wholly consistent with the statutory scheme of Title IV. Plaintiff intervenors rely on two cases from other circuits which have held that the provisions of Title IV of the LMRDA do not preclude an award of attorney's fees and that such an award may be granted by the district court on the basis of the "common benefit" exception to the general American rule that attorney's fees are not awardable in civil actions absent statutory authorization. *Brennan v. United Steelworkers of America*, 554 F.2d 586 (3rd Cir. 1977), *cert. denied sub nom. United Steelworkers of America vs. Sadlowski*, 435 U.S. 977, 98 S.Ct. 1627, 56 L.Ed.2d 71 (1978); *Usery v. Local Union No. 639 International Brotherhood of Teamsters*, 543 F.2d 369 (D.C.Cir. 1976). Under the "common benefit" theory, a court has equitable powers to award attorney's fees to a successful plaintiff where his individual efforts in the litigation have conferred a benefit upon all members of the defendant's class. In the present case, plaintiff intervenors contend that their efforts played an important role in shaping and preparing the Secretary's investigation and enforcement of Title IV.

Defendant Local 20 and the plaintiff Secretary of Labor vigorously oppose the award of attorney's fees on the ground that such an award to intervenors is inconsistent with the statutory enforcement scheme of Title IV of the LMRDA and with the limited role permitted the intervenor by the Supreme Court in the case of *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). The Secretary further argues that the

promise of an award of attorney's fees to successful intervenors would encourage excessive intervention and significantly impede the enforcement of Title IV.

This Court recognizes that two courts of appeals have authorized an award of attorney's fees to intervenors in election challenges under Title IV. There are no cases from this circuit on the issue. However, this Court finds that the decisions of the District of Columbia Circuit and Third Circuit are inconsistent with the Secretary's dominant enforcement role under Title IV and with the Supreme Court decision in *Trbovich*. For the reasons stated below, this Court refuses to adopt the view of the other two circuits.

Title IV of the LMRDA established a set of substantive rules governing union elections, 29 U.S.C. § 481, and it provides a comprehensive procedure for enforcing those rules. 29 U.S.C. § 482. Any union member who alleges a violation may initiate the enforcement procedure after exhausting any internal union remedies. The union member may then file a complaint with the Secretary of Labor who shall investigate the complaint. If the Secretary finds probable cause to believe a violation has occurred, he shall bring a civil action against the union in federal district court to set aside the election if it has already been held and to direct and supervise a new election.

In *Trbovich*, the Supreme Court permitted intervention by a union member in an action brought by the Secretary to set aside a union election under Title IV so long as that intervention is limited to the claims of illegality presented by the Secretary's complaint. 404 U.S. at 537, 92 S.Ct. at 635. The Court reasoned that the Secretary's role in protecting the public interest may require a different approach to the conduct of the litigation than would be employed by the intervenors to vindicate their individual rights. 404 U.S. at 538–39, 92 S.Ct. at 636–37. The limited intervention permitted by *Trbovich* was justified on the ground that such intervention would impose "little additional burden" on the union and will

not subject the union to "burdensome multiple litigation." 404 U.S. at 536, 92 S.Ct. at 635. Thus, the Supreme Court in *Trbovich* struck a delicate balance between the Secretary's dominant enforcement role in Title IV litigation and the intervenor's desire to press his claims in a manner different from the Secretary. *United Steelworkers of America v. Sadlowski*, 435 U.S. 977, 98 S.Ct. 1627, 56 L.Ed.2d 71 (1978) (White, J., dissenting).

■ This Court finds that an award of attorney's fees to plaintiff intervenors is inconsistent with their limited role permitted by *Trbovich*. This Court agrees with the Secretary of Labor that an award of attorney's fees would encourage excessive intervention by union members in Title IV actions in an effort to preserve any hope of obtaining attorney's fees. Such a situation may preclude expeditious settlement of many Title IV cases. Contrary to the rationale of the *Trbovich* decision, an award of attorney's fees would impose an "additional burden" on the union and would create the possibility of multiple litigation on the issue of whether a "common benefit" was conferred on an identifiable class of beneficiaries. The Court feels that such results were not intended by the Supreme Court when it permitted limited intervention in the *Trbovich* case.

■ Second, this Court finds that the "common benefit" exception to the American rule against awarding attorney's fees is not applicable. This exception permits a court, in the exercise of its equity power, to compensate a single successful plaintiff where his efforts in the lawsuit have resulted in a substantial benefit to all members of a class of defendant beneficiaries. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The "common benefit" exception allows the court to shift the costs of litigation to those benefiting therefrom.

In order to fall within the common benefit exception in the present case, the plaintiff intervenors must show that a substantial benefit was conferred upon all members of the union attributable to the efforts of

the plaintiff intervenors. However, this Court finds that the benefit conferred upon the union attributable to the individual efforts of the plaintiff intervenors is doubtful in light of the Secretary's dominant enforcement role in this action under Title IV. Under the statutory scheme, the Secretary is the enforcer of the "vital public interest in assuring free and democratic union elections that transcends the narrower interest of the complaining union member." *Trbovich v. United Mine Workers of America,* supra, 404 U.S. at 539, 92 S.Ct. at 636. Much of the work done by plaintiff intervenors will necessarily be duplicative of the Secretary's efforts. The efforts of plaintiff intervenors which do not overlap those of the Secretary are aimed at protecting the individual interests of the intervenors to the extent that their interests diverge from the interests of the Secretary. The "common benefit" upon which plaintiff intervenors rely is already provided by the Secretary of Labor.

This Court finds that the better view is expressed by Mr. Justice White in his dissent to the denial of certiorari in the Third Circuit case of *Brennan v. United Steelworkers of America v. Sadlowski,* 435 U.S. 977, 98 S.Ct. 1627, 56 L.Ed.2d 71 (1978) (White, J., dissenting). Therein, three justices rejected the view of the two circuits which held that attorney's fees were awardable to an intervenor in a Title IV action.

THEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that plaintiff intervenors' motion for award of attorney's fees be, and it hereby is, OVERRULED.

IT IS SO ORDERED.