743 F.2d 1301
 101 Lab.Cas. P 11,206
 Peter TURNER, Plaintiff-Appellee,
v.
Paul DEMPSTER, President and individually, and Sailors'
Union of the Pacific, an unincorporated
association, Defendants-Appellants.
Peter TURNER, Plaintiff-Appellee,
v.
Paul DEMPSTER and Sailors' Union of the Pacific,
Defendants-Appellants.
 Nos. 83-2407, 84-1703.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 14, 1984.
Decided Aug. 6, 1984.
 
 John F. Henning, Henning, Walsh & Ritchie, San Francisco, Cal., for defendants-appellants.
 Paul Alan Levy, Public Citizen Litigation Group, Washington, D.C., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before HUG, TANG and FARRIS, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 The union constitution provided that only "full book" members could vote on all union-related matters. Members attain full book status by working on a ship at sea for six years. Members who have not attained full book status may exercise only limited rights within the union. In a 1981 constitutional referendum, full book members voted to raise quarterly dues from $30 to $50 and to reduce the time required to attain full book status from six years service to three years membership. Turner contested the dues increase and the rule which allowed only those members with six years experience to vote in the constitutional referendum. The district court held that the six-year requirement was unreasonable and invalidated the dues increase. Turner v. Dempster, 569 F.Supp. 683 (N.D.Cal.1983). We affirm.
 
 
 2
 A preliminary issue is whether Turner has stated a claim under Sec. 101(a)(1) of the Labor-Management Reporting and Disclosure Act of 1959. 29 U.S.C. Sec. 411(a)(1). This section provides that every member of a labor organization "shall have equal rights and privileges within such organization ... to vote in elections or referendums of the labor organization...." A complaining union member states a claim if the member asserts a denial of a voting right given to another member or class of members. Stelling v. International Brotherhood of Electrical Workers Local Union No. 1547, 587 F.2d 1379, 1385 (9th Cir.1978), cert. denied, 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979); American Postal Workers Union Headquarters Local 6885 v. American Postal Workers Union, 665 F.2d 1096, 1101 (D.C.Cir.1981). Turner meets the test.
 
 
 3
 The union's reliance on Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), is misplaced. The Court there said that the denial of the plaintiffs' request to be candidates "was not a discrimination against their right to nominate, since the same [candidate eligibility] qualifications were required equally of all members." Id. at 139, 85 S.Ct. at 296.
 
 
 4
 Calhoon does not, as the union contends, stand for the proposition that a member must allege the uneven application of union rules to state a claim under 29 U.S.C. Sec. 411(a)(1). Calhoon concerned candidate eligibility qualifications, a subject governed by Title IV. See 29 U.S.C. Sec. 481. Turner is not challenging candidate eligibility qualifications or election procedures. He alleged a violation of his right to vote in referendums, which Title I alone governs. See 29 U.S.C. Sec. 411(a)(1). To state a claim under Title I, Turner does not have to allege the uneven application of union rules. He has stated a claim by showing that he was denied the right to vote in referendums--a right guaranteed in Title I--which was conferred on another class of members. See American Postal Workers, 665 F.2d at 1100-01; Parish v. Legion, 450 F.2d 821, 828 (9th Cir.1971).
 
 
 5
 The union, in a related argument, contends that Turner is seeking relief for Title IV claims and that the exclusive remedy of Title IV precludes relief under Title I, citing Kahn v. Hotel & Restaurant Employees' & Bartenders International Union, 469 F.Supp. 14 (N.D.Cal.1977), aff'd, 597 F.2d 1317 (9th Cir.1979). We reject the argument. The portion of the Kahn opinion relied upon by the union concerned the timing of an officer's election, which the court held must be brought under Title IV. Turner is not contesting an election of officers. He challenges the dues increase and the union rule prohibiting him from voting in referendums. Title IV has no language referring to elections, other than the election of officers. It does not relate to referendum elections. Title I governs these disputes, see 29 U.S.C. Sec. 411(a)(1), (3); Denov v. Chicago Federation of Musicians, Local 10-208, 703 F.2d 1034, 1037 (7th Cir.1983). Moreover, even though Turner's challenge to the voter eligibility requirements will affect future elections of officers, his Title I cause of action is not preempted by the existence of a future Title IV claim. See Kupau v. Yamamoto, 622 F.2d 449, 455 (9th Cir.1980); Depew v. Edmiston, 386 F.2d 710 (3d Cir.1967).
 
 
 6
 The district court held that the union rule which limited full book status to those members who had attained six years experience was unreasonable. The union does not contest the finding. Because there is no dispute on whether the six-year rule is unreasonable, we need not address Turner's argument that all restrictions on the right to vote, no matter how reasonable, violate 29 U.S.C. Sec. 411(a)(1).
 
 
 7
 The union, citing 29 U.S.C. Sec. 482(c)(2), argues that the district court erred in failing to determine whether the violations of 29 U.S.C. Sec. 411(a)(1) affected the outcome of the referendum. 29 U.S.C. Sec. 482(c)(2) provides that a district court shall set aside an election if it finds "that the violation of section 481 ... may have affected the outcome of an election." As this language demonstrates, 29 U.S.C. Sec. 482(c) applies only when a party has challenged an election under 29 U.S.C. Sec. 481. See, e.g., Donovan v. Local Union 70, International Brotherhood of Teamsters, 661 F.2d 1199, 1202 (9th Cir.1981). It has no application in the present case where Turner challenges the adoption of the dues increase and the denial of his right to vote in the referendum, both of which are governed by 29 U.S.C. Sec. 411(a). See Connor v. Highway Truck Drivers and Helpers, Local 107, 378 F.Supp. 1069, 1073-74 (E.D.Pa.1974), modified on other grounds, 68 F.R.D. 370 (E.D.Pa.1975).
 
 
 8
 The district court was not divested of jurisdiction to award attorney fees. See Masalosalo v. Stonewall Insurance Co., 718 F.2d 955, 957 (9th Cir.1983).
 
 
 9
 AFFIRMED.