Robert PECK et al.,

v.

ASSOCIATED FOOD DISTRIBUTORS OF NEW ENGLAND, LOCAL #138 and The Great Atlantic & Pacific Tea Company, Inc.

Civ. A. No. 64–550.

United States District Court
D. Massachusetts.

Jan. 4, 1965.

114

Arthur J. Flamm, John D. O'Reilly, III, Segal & Flamm, Boston, Mass., for plaintiff.

Howard W. Cole, Brickley, Sears & Cole, Boston, Mass., for defendant Great Atlantic & Pacific Tea Co.

Nathan S. Paven, Irving I. Medoff, Boston, Mass., for defendant Associated Food Distributors of New England, Local #138.

WYZANSKI, District Judge.

Plaintiffs, being members of the Associated Food Distributors of New England, Local 138, on behalf of themselves and others similarly situated, bring this class action alleging a violation of that provision, 29 U.S.C. § 411(a) (3), of Title I of the Labor-Management Reporting and Disclosure Act of 1959, relating to the procedure for increasing dues and making assessments. Joined as defendants are the aforesaid local and plaintiffs' employer, The Great Atlantic & Pacific Tea Company, Inc.

Many factual issues have virtually been agreed upon in open court, following lengthy discovery and other pre-trial procedures.

At the bar of this Court, defendant union admitted that, in violation of the aforesaid Act, on October 10, 1961 it increased the monthly dues payable by its members who were A & P employees, on a part time basis, from 75 cents to $1.50; and on April 16, 1964 it imposed, effective May 1, 1964, an assessment of 25 cents upon each member. The violation in each instance consisted in the fact that, respectively, the increase and assessment were not adopted by a majority vote by secret ballot of the affected union members in good standing voting at a general or special membership meeting after reasonable notice of the intention to vote upon such question or by a majority vote of the members in good standing voting in a membership referendum conducted by secret ballot. Such conduct was an infraction of one of the so-called "bill of rights" under the Act. § 101(a) (3) (A); 29 U.S.C. § 411(a) (3) (A).

Probably Peck immediately objected by notifying the union, but not the employer. Other named plaintiffs are not shown to have objected by notifying anyone before this complaint was filed on July 23, 1964. No one has sought to in-

tervene or otherwise associate himself with the named plaintiffs.

■ After the filing of this complaint on September 22, 1964, the then members of the Union (who were admittedly not identical with those who were members on October 10, 1961 and May 1, 1964) purported to "ratify" the earlier "votes". This so-called ratification was invalid both because the persons acting had no right to speak for others, and because action initially void could not be *retroactively* cured. The September 22, 1964 action was, however, effective to bind from that date those who were then members of the local.

After the increase and also after the assessment the union notified the employer, and demanded, that thereafter the employer should make relevant check-offs. In subjective good faith, the employer did so. The employer turned over to the union all the check-offs, and kept none. It is not suggested that the employer was in any conspiracy, or had actual knowledge of the violation of the Act. Nor, on the other hand, is it claimed that the employer asked for proof of the union's compliance with the Act.

■■ So far as concerns defendant A & P, the employer, no cause of action within the jurisdiction of this Court is shown. Were there jurisdiction over an action against it, A & P would be entitled to prevail on the merits because it was innocent of any wrongdoing, so far as appears, and retained no benefit of such wrong as there may have been.

■ So far as the union is concerned, its conduct having transparently violated the Act, it must be enjoined from further effectuating in any way the so-called October 10, 1961 and April 16, 1964 votes to increase dues and to impose assessments. The union's liability to make repayment presents issues which require some discussion. Money unlawfully collected from an individual against his protest, as may have been true of Peck's case, is, of course, plainly returnable. But it is argued that money collected by the union from persons who did not protest seasonably, and *a fortiori* from persons who did not even bother to intervene in these proceedings is inappropriate. This argument is rejected becuse the purpose of the Act is so plainly not merely to preclude a union from prevailing over a righteous protestant, but also to maintain discipline over the regularity of union conduct. The violations were all patent, inexcusable, and, at the furthest reach, not 3 years old when complaint was filed. All the excesses wrongfully collected are repayable, just as all amounts unlawfully withheld by an employer subject to the Federal Fair Wages and Hours legislation are in an equity proceeding subject to a judicial order requiring their repayment to the employee victims of the employer's wrong. Exact calculation presents questions of fact upon which the parties are not in agreement and therefore are appropriately set for further proceedings in accordance with the decree filed herewith.

So ordered.