Pauline GRAVENSTEIN, Eunice Parker and Helen Phillips, for themselves and class, Plaintiffs,

v.

James CAMPION, in his official capacity, William Hensley, in his official capacity; and Local 879, Hotel, Motel, Restaurant and Construction Camp Employees Union, Defendants.

No. F81–004 Civil.

United States District Court, D. Alaska.

Nov. 16, 1981.

William B. Schendel, Fairbanks, Alaska, for plaintiffs.

Bradley D. Owens, Jermain, Dunnagan & Owens, Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

von der HEYDT, Chief Judge.

THIS CAUSE comes before the court on defendants' motion to dismiss complaint (Fed.R.Civ.P. 12(b)); plaintiffs' motion for

class certification (Fed.R.Civ.P. 23); and plaintiffs' motion for summary judgment (Fed.R.Civ.P. 56). Jurisdiction is properly invoked pursuant to 29 U.S.C. § 412 (1976).

## I. FACTS

The case involves a procedural challenge to the validity of a union's policy requiring its members to either perform rotational picket duty or pay fees in lieu of picketing. Plaintiffs are members of the Hotel, Motel, Restaurant and Construction Camp Employees Union (Defendant Local 879). They brought suit on behalf of all members of Local 879 contesting the union's adoption of the fee policy. Plaintiffs allege that in about June of 1979, the union established a policy requiring members of Local 879 either to perform rotational picket duty or pay a set fee in lieu of picketing. The union subsequently reduced the fee in September 1979. In approximately September of 1980, defendant union conducted a referendum election which purported to retroactively approve the assessments instituted in June and September of 1979. Local 879 collected fees pursuant to this policy in the estimated amount of $20,000. In January 1981, plaintiffs brought suit on behalf of the over 1000 union members, alleging that the union and two of its officers named in the complaint failed to afford statutory and contractual protections to plaintiffs in enacting the fee policy. Specifically, plaintiffs maintain the policy is invalid because of infirmities regarding the need for a majority vote by secret ballot as required by 29 U.S.C. § 411(a)(3)(A) (1976). In addition, it is alleged defendants have implemented said fees without complying with procedures as provided by contract.

There are three motions before the court at this juncture. Plaintiffs have filed motions for class certification and summary judgment. Defendants seek to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(1), (6).

## II. THE MOTION TO DISMISS

### A. Lack of Subject Matter Jurisdiction

■ The court holds that defendant union's implementation of its fee policy was a levy of an "assessment" for purposes of 29 U.S.C. § 411(a)(3) (1976). Since plaintiffs are challenging the procedural steps surrounding enactment of this policy, this court has subject matter jurisdiction in conformity with 29 U.S.C. § 412 (1976). The court does not accept the argument proposed by defendants that would effectively allow the union's bylaws and constitution to circumvent procedural safeguards provided union members in § 411(a)(3). See Id. § 411(b) (1976). Such an interpretation is consistent with case law in the Ninth Circuit which broadly construes the rights given union members in the Labor-Management Reporting and Disclosure Act. See Lodge 1380, BRAC v. Dennis, 625 F.2d 819, 827 (9th Cir. 1980).

■ The court also finds no merit in defendants' claim that plaintiffs have failed to exhaust intra-union remedies. Plaintiffs are suing the local union and two of its officers. Section 411(a)(4) provides that members may seek redress in the courts after exhausting procedures within the organization. Article XX, Section 6, of the union's International Constitution directs that charges against a local union are within the original jurisdiction of the General President. Plaintiffs properly served the union's international president pursuant to Article XX, Section 4, and did not commence this suit until the required four-month period had expired. See 29 U.S.C. § 411(a)(4). In addition, the record reveals union representatives acquiesced in plaintiffs' attempts to seek redress within the union. See Plaintiffs' Opposition to Defendants' Motion to Dismiss (docket # 22) at 4–8. Plaintiffs therefore have exhausted the intra-union remedies available and are properly within this court's jurisdiction.

■ The court also has jurisdiction over plaintiffs' contract claim based on alleged violations of the bylaws and the constitution. The doctrine of pendent jurisdic-

tion permits a federal court to hear a non-federal claim in limited circumstances if it is sufficiently related to a federal claim. The federal claim (alleged § 411(a)(3) violation) and the non-federal claim (alleged contract violation) are both derived from a common set of operative facts. Relief under both claims is dependent on the union's acts or omissions regarding institution of its fee policy.

### B. Failure to State a Claim

As defendants' motion to dismiss clearly states, the motion is based upon the pleadings, exhibits and an affidavit. It follows that a motion for failure to state a claim should be treated by this court as one for summary judgment. See Fed.R.Civ.P. 12(b). Defendants' motion to dismiss plaintiffs' complaint for failure to state a claim under 29 U.S.C. § 411(a)(3) will therefore be treated as a cross-motion for summary judgment.

### III. THE SUMMARY JUDGMENT MOTIONS

■ Plaintiffs seek summary judgment on their claim under 29 U.S.C. § 411(a)(3). That provision provides in relevant part as follows:

(3) Dues, initiation fees, and assessments.—Except in the case of a federation of national or international labor organizations, the rates of dues and initiation fees payable by members of any labor organization in effect on September 14, 1959 shall not be increased, and no general or special assessment shall be levied upon such members, except—

(A) in the case of a local labor organization (i) by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot. . . .

The pivotal issue before the court is whether the union complied with § 411(a)(3) in assessing against its members fees in lieu of picketing. The record is clear that the union did not comply with § 411(a)(3)(A)(i). At no time did the union provide reasonable notice to members of a need to vote on the fees in question, and no secret ballot at a membership meeting was utilized. The union did, however, avail itself of § 411(a)(3)(A)(ii). It complied with this alternative by requesting a secret ballot of all members via referendum. The vote occurred three months after plaintiff Gravenstein had filed her grievance with the union. By a 500 to 30 vote, the membership overwhelmingly ratified the fees previously assessed.

Although defendants appear to have complied with § 411(a)(3)(A)(ii), this court will not allow the union retroactively to give validity to the assessments. It is evident from the record that neither alternative in § 411(a)(3)(A) was used during the time the fees at issue were being imposed. Defendants cannot unring the bell at this point. Giving retroactive validity to illegally imposed fees is potentially unfair to those individuals who are no longer members of the union, but now find themselves subject to an assessment for which they were never allowed to vote. Cases addressing the retroactive effect of a vote pursuant to § 411(a)(3) have consistently reached this conclusion. See Landry v. Sabine Independent Seamen's Association, 623 F.2d 347, 350 (5th Cir. 1980); Local No. 2, International Brotherhood of Telephone Workers v. International Brotherhood of Telephone Workers, 362 F.2d 891, 896 (1st Cir. 1966); Gates v. Dalton, 441 F.Supp. 760, 765 (E.D. N.Y.1977), Peck v. Associated Food Distributors of New England, Local # 138, 237 F.Supp. 113, 115 (D.Mass.1965).

A summary judgment will only be granted when there are no genuine issues as to any material fact. See Fed.R.Civ.P. 56(c). Both plaintiffs and defendants seek summary judgment based on the applicability of § 411(a)(3) to this case. Since this provision was never adequately complied with and the court discerns no genuine issues as to any material facts regarding the lack of

compliance, summary judgment in favor of plaintiffs is proper.

## IV. CLASS CERTIFICATION

■ A class action determination under Fed.R.Civ.P. 23 is within the discretion of the trial court. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977); *Price v. Lucky Stores, Inc.*, 501 F.2d 1177, 1179 (9th Cir. 1974). Plaintiffs seek to certify this case as a class suit pursuant to Fed.R.Civ.P. 23(b)(2). The class they seek to represent includes: "[a]ll members of Local 879 of the Hotel, Motel, Restaurant and Construction Camp Employees Union between June 13, 1979 and the present." The trial court must initially apply the provisions of rule 23(a) to the facts of the case.

■ Regarding the numerosity requirement of rule 23(a)(1), plaintiffs have made an adequate showing. Their memorandum in support of this motion states that the membership of Local 879 has been approximately 1,250 from June 1979 to the present. This class is so numerous that joinder of all members is impracticable.

Rule 23(a)(2) requires that there be questions of law or fact common to the class. Defendants' failure to comply with § 411(a)(3) as well as the alleged contract violations are questions of law common to all members of the proposed class. In support of their motion plaintiffs have properly noted that all class members were not afforded the right to vote on the assessment at issue in a timely manner.

Claims of the representative parties are typical of the claims of the class in conformity with rule 23(a)(3). Plaintiffs' memorandum supporting the motion states that all three named plaintiffs were denied the opportunity to vote on implementation of the fee policy. All members of the local union were also denied this right. The members who voted in favor of retroactivity validating the fees did not waive the right. *See Landry v. Sabine Independent Seamen's Association*, 623 F.2d 347, 350 (5th Cir. 1980); *International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers v. Rafferty*, 348 F.2d 307, 314 (9th Cir. 1965).

The final requirement of rule 23(a) is that the representative parties will fairly and adequately protect the interests of the class. This inquiry should focus on the adequacy of the representatives as well as the adequacy of their counsel. As previously stated, the interests of the named parties are coextensive with the interests of other members of the class. Adequacy of counsel is also not a problem as the record reveals plaintiffs' counsel has litigated several actions under the same federal law as is at issue in this case. *See* Plaintiffs' Memorandum in Support of Motion for Class Certification (docket # 19) at 3. Plaintiffs thus have complied with Fed.R.Civ.P. 23(a)(4).

Since plaintiffs have met all four requirements of rule 23(a), certification of their class as proposed is granted with a slight variation. The record reveals that picketing along with assessment of fees in lieu of picketing was stopped in November 1980. Accordingly, it is improper to allow the class to include those new members who joined the union between the time previously stated and the date of filing the motion. The class should include all members of Local 879 from June 13, 1979 to the date on which the last fees in lieu of picketing were assessed.

Once the class has been identified and the representatives deemed adequate to represent its interests, the particular type of class suit must be determined. Rule 23 offers three alternatives. *See* Fed.R.Civ.P. 23(b). Plaintiffs maintain their suit should proceed pursuant to the requirements of rule 23(b)(2). Defendants, on the other hand, propose that plaintiffs have abandoned their request for injunctive relief as stated in the original complaint. Since the primary relief sought by plaintiffs is in the nature of money damages, the (b)(2) alternative is inappropriate. Defendants additionally assert plaintiffs' claim for declaratory relief need not be certified as a class action to have the effect desired. They argue in the alternative that even if the declaratory relief claim were certified as a

(b)(2) class suit, a hybrid procedural device is appropriate utilizing (b)(3) to certify plaintiffs' principal claim for restitution through money damages.

■ The court denies the injunctive relief sought. Defendants have not assessed any fees in lieu of picketing since this suit was commenced. They have only attempted to collect fees which had been assessed prior to November 1980. Moreover, at this time the secretary-treasurer of Local 879 has agreed not to collect any of the fees at issue until this case is resolved. *See* Affidavit of William Hensley (docket # 44) at 2. Unlike *White v. Local 942,* 90 F.R.D. 368 (D.Alaska 1981), cited by plaintiffs, this case does not involve an attempt by defendants to circumvent a court order. Since defendants discontinued picketing and the imposition of picket fees prior to commencement of this suit and have agreed not to collect any of the fees allegedly accrued prior to November 1980, injunctive relief enjoining defendants from enforcing said fees is not appropriate.

While the rule 23(b)(2) device is not available to plaintiffs based on injunctive relief, it may be available in conjunction with the declaratory relief sought. Fed.R.Civ.P. 23(b)(2) allows a class action to be maintained when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief *or corresponding declaratory relief* with respect to the class as a whole." *Id.* (emphasis added). Rule 23(b)(2) is further limited by precluding its application to suits where the final relief relates "exclusively or predominantly to money damages." *See* Advisory Committee's Note, 39 F.R.D. 102. Neither limitation prevents 23(b)(2) certification here. Injunctive relief in this case may or may not follow as a consequence of the declaratory relief desired. The monetary relief sought, however, is neither the exclusive nor predominant remedy considering it is derived from the declaratory relief sought. Rule 23(b)(2) status is therefore appropriate. *See Souza v. Scalone,* 64 F.R.D. 654, 658 (N.D.Cal.1974). Such reasoning is consistent with the premise that any doubts as to whether a class should be certified as a 23(b)(2) class or a 23(b)(3) class should be resolved in favor of (b)(2) status. *Id.* at 658; 7A Federal Practice and Procedure § 1775 (1972).

Accordingly IT IS ORDERED:

1) THAT defendants' 1979 establishment of fees in lieu of picketing is declared null and void.

2) THAT defendants' motion to dismiss for lack of jurisdiction is denied.

3) THAT defendants' motion to dismiss for failure to state a claim, treated as a motion for summary judgment, is denied.

4) THAT plaintiffs' motion for summary judgment is granted.

5) THAT plaintiffs' motion for class certification is granted.

6) THAT plaintiffs prepare and submit a proposed final judgment order regarding the summary judgment and declaratory relief granted.