Pauline GRAVENSTEIN, Eunice Parker and Helen Phillips, for themselves and class, Plaintiffs,

v.

James CAMPION, in his official capacity; William Hensley, in his official capacity; and Local 879, Hotel, Motel, Restaurant and Construction Camp Employees Union, Defendants.

No. F81-4 Civ.

United States District Court, D. Alaska.

March 12, 1982.

Bradley D. Owens, Anchorage, Alaska, for defendants.

William B. Schendel, Fairbanks, Alaska, for plaintiffs.

## MEMORANDUM AND ORDER

JAMES A. VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the court on defendants' motion to vacate or amend a class certification order; plaintiffs' motion for restitution of illegally assessed fees plus prejudgment interest; plaintiffs' motion for attorney's fees; and defendants' objections to a proposed judgment. Jurisdiction is properly invoked pursuant to 29 U.S.C. § 412 (1976).

## I. FACTS

This case was certified as a class suit brought by individual union members challenging the validity of a union's policy requiring its members to either perform rotational picket duty or pay fees in lieu of picketing. *See* Memorandum and Order of Court filed November 16, 1981, 540 F.Supp. 7. Summary judgment has been granted plaintiffs.

## II. THE MOTION TO VACATE OR AMEND THE CLASS CERTIFICATION ORDER

In the court's order granting summary judgment, it also certified a class suit under Fed.R.Civ.P. 23(b)(2) consisting of "all members of Local 879 from June 13, 1979 to the date on which the last fees in lieu of picketing were assessed." Memorandum and Order of Court filed November 16, 1981, at 7. In compliance with this order, plaintiffs' proposed judgment states the latter of these two dates to be October 30, 1980. Provided this was the last date the invalid fees were assessed, the class as stated is in compliance with the court's order. There is no need to narrow the class to only those members who paid fees, since the predominant remedy accrues to all members.

### A. Fed.R.Civ.P. 23(a)(4) and 23.2

■ Defendants challenge the class certification on numerous grounds. Contrary to defendants' assertions, the requirement of rule 23(a)(4) has been met. This provision addresses the need for the representative parties to fairly and adequately protect the interests of the class. Defendants are correct in asserting the attempted ratification vote for illegally assessed fees was contradictory to the representatives' interests. The vote was ineffective however. *See* Memorandum and Order of Court filed November 16, 1981, at 5. The fundamental interest in this case is the need to vindicate the voting rights of all union members during the time the illegal fees were in effect. In this sense, the interests of the representatives are co-extensive with the interests of other class members.

■ The court does not find rule Fed. R.Civ.P. 23.2 is a bar to the class suit at issue. Defendants argue the rule utilizes a higher standard than rule 23(a)(4) insofar as representatives must demonstrate they will adequately represent "interests of the association and its members." They provide no case law for this proposition, and respected authorities on the subject do not address the topic. *See* 3B Moore's Federal Practice ¶ 23.2.02 (2d ed. 1981); C. Wright, *Handbook of the Law of Federal Courts,* 357 (3d

ed. 1976). It is clear the main purpose of rule 23.2 was to give entity treatment to an association, thereby enlarging as opposed to contracting the authorization for class suits in this context. *See* 3B Moore's Federal Practice ¶ 23.2.01 [2] (2d ed. 1981). *See also Kerney v. Fort Griffin Fandangle Association, Inc.,* 624 F.2d 717, 720 (5th Cir.1980). Moreover, if the court were to accept defendants' interpretation of rule 23.2, union members would often be unable to sue their union for violations of the Landrum-Griffin Act. *See generally* 29 U.S.C. §§ 401–531 (1976). This result would conflict with the legislative goal of protecting even minority union members from improper practices of union management or an unscrupulous majority of the . membership. *See Kerr v. Shanks,* 466 F.2d 1271, 1276 n. 3 (9th Cir. 1972). For the foregoing reasons the court refuses to vacate the prior class certification.

### B. Type of Class Suit

■ Defendants also challenge the certification of the class pursuant to Fed.R. Civ.P. 23(b)(2), and assert that rule 23(b)(3) is the proper class suit device. The court disagrees. The prayer in plaintiffs' complaint seeks, *inter alia,* injunctive relief regarding enforcement of fees; declaratory relief regarding the establishment of the fees; and restitution for illegally assessed fees. The court's order of November 16, 1981 denied the injunctive relief and granted the declaratory relief sought by declaring the picketing fees at issue to be invalid. As stated in the court's order, the declaratory relief and not the restitution (monetary relief) was the predominant remedy. Additionally, only a small percentage of the class members will be entitled to restitution, while all members of the class benefit from the declaratory relief. Declaratory relief in this case is available to the class as a whole insofar as it vindicates the rights of all union members during the relevant time period. *See* Fed.R.Civ.P. 23(b)(2). The (b)(2) class suit device is therefore proper.

### III. MOTION FOR ATTORNEY'S FEES

Pursuant to defendants' request (*See* docket # 55), defendants shall have five days from receipt of this memorandum and order to oppose plaintiffs' motion for attorney's fees. Plaintiffs will be allowed to respond in accordance with the Local Rules.

### IV. RESTITUTION OF FEES PLUS INTEREST

■ Restitution is the proper remedy in this case in light of the vast amount of illegally collected picket fees. *See* Affidavit of William Hensley, docket # 57, at 2. Other cases have held that illegal assessments under the guise of 29 U.S.C. § 411(a)(3) must be returned to the membership. *See White v. Local 942,* 90 F.R.D. 368, 374 (D.Alaska 1981); *Peck v. Associated Food Distributors Local 138,* 237 F.Supp. 113, 115 (D.Mass.1965). The court notes, however, that plaintiffs have stated they have no objection to a remedy that allows members to waive refunds if they wish. Considering this non-opposition and the fact that the overwhelming majority of union members voted to retroactively give effect to the fees, whatever judgment ultimately emerges from this case should reflect the opportunity to waive refunds.

■ The court agrees with plaintiffs that prejudgment interest should be awarded in this case. The Ninth Circuit has stated that "[w]hether interest should be awarded is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." *Wessel v. Buhler,* 437 F.2d 279, 284 (9th Cir.1971). *See also United States v. California State Board of Equalization,* 650 F.2d 1127 (9th Cir.1981). Plaintiffs did not take an unreasonable amount of time in asserting their rights. Further, the court discerns no prejudice to defendants from plaintiffs' actions. The court therefore grants prejudgment interest on all illegal fees in lieu of picketing as requested by plaintiffs.

Both parties acknowledge the possibility that complete and immediate restitution of fees might have an extreme impact on the union in light of its current financial status. Plaintiffs' proposed judgment will therefore be held in abeyance pending resolution of this matter. Both parties may submit additional documentation of the union's finan-

cial status. Defendants in particular shall provide the court with their own proposed judgment including a suggested method and schedule of repayment. This proposed judgment shall be filed with the court within 45 days of issuance of this memorandum and order.

Accordingly, IT IS ORDERED:

1) THAT defendants' motion to vacate or amend the class certified by the court on November 16, 1981 is denied.

2) THAT plaintiffs' motion for attorney's fees is not yet ripe, and defendants shall have five days from receipt of this memorandum and order to oppose the motion.

3) THAT plaintiffs' proposed judgment be held in abeyance pending further opportunity for discovery as addressed in this memorandum.

4) THAT plaintiffs' motion for restitution and prejudgment interest is granted, with interest accruing at 8% per annum on all fees illegally paid the union.

5) THAT restitution of the illegally assessed fees is the proper remedy; the method and schedule of such payments to be ordered by this court after further opportunities for discovery by both parties and submission of a proposed judgment by defendants as addressed herein.